WIER BOYD & SON, plaintiffs in error, *vs.* FRANK W. HALL *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. This court will not control the discretion of the presiding judge in granting a new trial, unless the law has been violated or the discretion of the judge, on the weight of the evidence, grossly abused. Ordinarily the new trial will not work serious damage.

2. A *bona fide* judgment debt of a stockholder against the company in which he holds stock, may be set off by him in equity against a suit to make him individually liable in proportion to his stock.

3. Such judgment may be attacked for fraud, but the facts on which the charge of fraud is made must be averred in the pleadings and proven to the satisfaction of the jury on the hearing.

4. The creditor need not go on all the stockholders for their respective *pro rata* shares, but may recover his entire debt out of one, provided the debt does not exceed his proportion of the *entire indebtedness* of the company, the individual liability clause in the charter being as follows: "The stockholders in said company shall be liable *pro rata* for the debts of said company to the amount of the stock they respectively hold."

New trial. Stockholders. Corporations. Set-off. Judgments. Before Judge KNIGHT. Lumpkin Superior Court. April Term, 1876.

Reported in the opinion.

C. D. PHILLIPS; M. L. SMITH, for plaintiffs in error.

W. P. PRICE, for defendants.

JACKSON, Judge.

Boyd & Son obtained judgment in Lumpkin superior court, against the Yahoola River and Cane Creek Hydraulic Hose Mining Company, and levied the *fi. fa.* upon part of the company's property. Hall had also obtained judgment in the United States circuit court against the company, and levied upon all the property of the company. An injunction was granted restraining the sale by Boyd & Son; the property was sold by the United States marshal, and Hand brought it at $5,000. Thereupon Boyd & Son filed an answer in the nature of a

cross-bill, under our statute, to the bill of Hand and Hall, on which the injunction had been granted, alleging that Hand and Hall were stockholders at the time their debt accrued against the company; that their debt had a superior lien; that Hall and Hand had colluded to make the property bring nothing; and prayed that the sale be set aside, at least so far as concerned the portion of property levied on by the sheriff, and that this portion be sold to pay the debt of Boyd & Son, and that Hall and Hand be held individually liable to pay the debt. The defendants answered, setting up certain indebtedness of the company to Hand to a much greater amount than his share of the whole indebtedness, particularly a judgment against the company in the United States Court for $50,000 00 or $60,000 00, and denying all equity in complainants' cross-bill. The jury found for Boyd & Son a trifle against Hall, but some $500 00 or $600 00 against Hand. Hall and Hand moved for a new trial. The court granted it, and this is the error assigned.

This court has decided that it will reluctantly interfere with the grant of a new trial by the judge who tried the case, unless there has been an abuse of the discretion of the judge, or he has violated some principle of law. In this case we think the judge did not abuse his discretion, but that he should have granted the new trial. We cannot see why Hand, as a stockholder, should not be allowed to set-off his judgment against the company, if that judgment be fair and honest, against his individual liability to another creditor of the company. If his debt be honest the company is as much bound to pay him as to pay others; and individual members, including himself, are just as responsible to him as a creditor as to other creditors. The fact that he is a stockholder can make no difference. The company may owe a stockholder as well as a stranger, and individual stockholders be liable to him as to others. This court has held that a stockholder may set-off bills he has in hand of a bank against a creditor of the bank suing him on his individual liability; and if it may be done in that case why may not this stockholder set-off this judg-

Boyd & Son *vs.* Hall *et al.*

ment against this company? But the jury seems not to have considered the large judgment obtained by Hand in the United States Court. This judgment, it is true, might have been attacked for fraud; but no allegation setting forth any facts going to show fraud is made in the cross-bill, and no evidence thereof, that we recall, had on the trial. Besides, the evidence is not satisfactory upon the point of the aggregate indebtedness of the company. The measure of the recovery against Hand *individually*, (and that is the only verdict and decree here except the trifle against Hall) is his proportion of the *whole indebtedness.* Without ascertaining the entire indebtedness, his share of it cannot be ascertained.

The entire stock of the company, the stockholder's share thereof and the entire indebtedness of the company are the certain figures in the proportion necessary to calculate the exact amount of the whole debt which the stockholder must pay. This is also necessary to ascertain whether the stockholder has paid already his share, or, which is the same thing, in effect, whether the company owes him enough to cover his proportion of the whole indebtedness.

What has become of the money Hand paid the marshal, and why did not Boyd & Son get their judgment paid from that fund? The evidence is not clear here. Hand swears he paid the marshal, but it does not appear what the marshal did with it all, at least it is in some doubt, and it would be well for these complainants to look into it. Perhaps they may yet get their money there. The whole case is obscure—in a fog—the verdict not satisfactorily sustained by the pleadings and evidence, and the new trial should have been granted.

To assist the counsel and court in the next trial we conclude by saying that we hold:

1st. That Boyd & Son may recover their entire debt out of any stockholder, provided their debt does not exceed his proportion of all the debts: 16 *Georgia,* 227; 42 *Ibid.,* 582.

2d. But if a stockholder has already paid his proportion of all the debts, or if the company *bona fide* owe him that proportion, it cannot be recovered from him again.

3d. The *bona fides* of the stockholder's debt, whether in judgment or otherwise, may be attacked, and if found fraudulent, may be set aside and not considered either in the estimate of the whole debts of the company or in setting it off against his individual liability; but it must be attacked distinctly by allegations of facts in the pleadings and these facts must be proven on the hearing.

In the light of the foregoing principles we cannot see why the case may not he so tried as to do justice to all parties.

Judgment affirmed.