JOHN E. MUSGRAVE v. THE GLEN ELDER ASSOCIATION AND J. K. P. BOYD.

No. 262.

1. CORPORATION — *stockholder in, can set off claims paid on execution.* In a proceeding by a creditor of a corporation against a stockholder thereof, under a statute making the stockholder liable to the creditor for the amount of his stock, said stockholder can set off such claims as he has paid on execution.

2. ———— *stockholder in, can set off claims paid voluntarily.* As a matter of equity the stockholder is entitled to a set-off for the amount voluntarily paid, in good faith, of the just debts of the corporation to a creditor.

3. ———— *stockholder in, can set off debts due him from.* Where the stockholder against whom proceedings are had to enforce the payment of his stock liability, is himself a creditor of the insolvent corporation, he will be allowed in equity to plead the indebtedness of the corporation to himself as a set-off against his liability to other creditors.

394   MUSGRAVE V. GLEN ELDER ASSOCIATION.

N. Dept.          Opinion.   McElroy, J.          5 Kan. App.

Error from Mitchell District Court. Hon. Cyrus Heren, Judge. Opinion filed March 22, 1897. *Affirmed.*

D. M. *Thorp*, F. T. *Burnham*, I. D. *Young*, V. H. *Branch*, and J. W. *Turner*, for plaintiff in error.

A. W. *Hicks*, and F. J. *Knight*, for defendants in error.

McELROY, J.   The plaintiff in error, as a creditor of the Glen Elder Farmers Alliance Co-operative Shipping and Purchasing Association, sought to recover against the defendant, Boyd, as a stockholder of the Association, under the provisions of paragraph 1192, General Statutes of 1889, which reads :

"If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged ; and upon such motion, such court may order execution to issue accordingly ; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The case was tried upon an agreed statement of facts, which is as follows :

" The defendant association was a corporation under the laws of Kansas and became insolvent, whereupon the plaintiff brought suit and obtained judgment

against said corporation for $751.66 in the above court; afterward plaintiff duly moved the court for an execution against said J. K. P. Boyd, defendant, in this proceeding as a stockholder in defendant corporation. It is admitted that said Boyd is a stockholder in defendant corporation to the amount of $410, the par value of his stock, which was all paid up.

"1. Before plaintiff moved for execution herein, S. W. Earl, a stockholder and a creditor of defendant corporation, obtained a judgment against the corporation, and an order for execution against said Boyd as a stockholder therein, in the sum of $115, which defendant Boyd paid and which he claims as a set-off in this proceeding.

"2. Before plaintiff moved for execution herein, S. W. Watson, after defendant corporation became insolvent, obtained a judgment against the corporation, and duly obtained an order for execution, in the same court where said judgment was rendered, against defendant Boyd for forty-five dollars, which sum defendant Boyd paid in satisfaction of said order for execution, and defendant Boyd claims said sum as a set-off in this proceeding.

"3. That after said corporation became insolvent, and before plaintiff moved for execution herein, said defendant, Boyd, paid to the Bank of Glen Elder $112.78 upon an existing indebtedness of eight hundred dollars of defendant corporation to said bank, which sum he claims as a set-off herein.

"4. That after defendant corporation became insolvent, and before plaintiff moved for execution herein, defendant Boyd paid to the Farmers and Merchants National Bank of Cawker City, Kan., the sum of sixty-one dollars upon a valid claim in the sum of eight hundred dollars which said bank then held against defendant corporation, which sum of sixty-one dollars so paid defendant Boyd claims as a set-off herein.

"5. That during the time said corporation was doing business as such, defendant Boyd as the agent, and at the request of defendant corporation, rendered services and expended time and expenses, in and about

396    MUSGRAVE v. GLEN ELDER ASSOCIATION.

N. Dept.          Opinion.  McElroy, J.          5 Kan. App.

soliciting stock subscriptions and obtaining loans for said corporation, of the amount and value of $33.40, no part of which has been paid, and which defendant Boyd claims as a set-off herein.

" 6. That during the time said defendant corporation was doing business, defendant Boyd was a director of said association, and as such, rendered services and expended money for said corporation in the sum of $23.40, no part of which has been paid, and which sum defendant Boyd claims as a set-off herein.

" 7. That during the time said corporation was doing business, defendant Boyd was by the directors and stockholders appointed on the building committee in the erection of a warehouse for the business of said corporation; that as such, he was acting for said corporation actually and necessarily for twenty-five days and that his services were of the value of $68.75, no part of which has been paid, and which he claims as a set-off herein.

"All the facts herein stated to have been done by the defendant Boyd were done before plaintiff moved for execution herein, and that all the allegations of the plaintiff's motion are true. Dated at Beloit, Kan., this twenty-fourth day of January, A. D. 1895."

Judgment was rendered for defendant Boyd and against the plaintiff Musgrave for costs, to which ruling of the court the plaintiff excepted, filed his motion to vacate and set aside the judgment, which motion was by the court overruled, and he brings the case here for review.

The determination of this case involves the examination of three propositions: *First.* Was Boyd entitled to plead as a set-off the amount paid to S. W. Earl and S. W. Watson? Each of these parties procured a judgment against the Association and had an execution issued which was returned unsatisfied, for want of property on which to levy the same; and

each of these parties procured an order for the execution against Boyd thereupon. He paid the amount of their judgment, for which he asks credit on the amount of his liability for his stock. *Second.* The second question is upon the third and fourth paragraphs of the agreed statement of facts. The Bank of Glen Elder, and the Farmers and Merchants National Bank of Cawker City, Kan., were creditors of the Association and held a just and valid claim against the Association, on which Boyd made payments, for which he asks credit on his liability for stock. *Third.* Boyd held a claim against the Association as a creditor, and he asks that the amount the Association owed him be treated as a set-off against his liability on his stock. These three claims, that is, the amount that Boyd paid upon execution awarded against him as a stockholder, the amount that he paid to the Bank of Glen Elder and to the Farmers and Merchants National Bank of Cawker City, and the amount of the indebtedness that the Association owed him, exceed the amount of his liability under this statute on his stock as a stockholder in this Association.

The questions, then, for determination are as to Boyd's right to use these three claims as a set-off in this action brought by Musgrave. Our Supreme Court has decided the first two propositions in favor of the contention of Boyd, in the case of *Abbey v. Long* ( 44 Kan. 691 ). Strang, C., delivering the opinion of the court says :

1. Claims paid on execution.

" The statute creating a liability on the part of the stockholder guarantees to the creditor of a corporation a trust fund, in the hands of the stockholders, liable for the ultimate payment of the corporation debts. The law says you may combine your capital, create a corporation, relieve yourselves of the common-law liability of copartners, and obtain the many other ad-

398   Musgrave v. Glen Elder Association.

N. Dept.            Opinion.   McElroy. J.          5 Kan. App.

vantages growing out of corporate existence ; but, as a protection to the public, in lieu of the partnership, liability you escape, you shall be held not only liable to the corporation and creditors for the full amount of your stock subscribed, but to guarantee further protection to creditors of the corporation, you shall, if the corporation itself becomes insolvent, be charged with a further liability to such creditors equal to the amount of your stock in the corporation. This liability may be discharged by payment on execution issued pursuant to the statute, as in this case. The authorities also hold, as a matter of equity, that such liability may be discharged by a voluntary payment by the stockholder, in good faith, of the just debts of the corporation equal to the amount of the stock held by him in the corporation. This method of discharge from liability had its origin in and is based entirely upon equity ; it being held, that as no creditor has any exclusive right to the fund in the hands of any individual stockholder before execution issues, the voluntary and *bona fide* payment, in good faith, of a just debt of the corporation equal to the amount of stock held by a stockholder, is, in equity, equivalent to the payment of so much on an execution issued under the statute. But as this method of discharge depends upon equity for its existence, the voluntary payment, to operate as a discharge, must be a *bona fide* payment of a just debt, made in good faith.''

There remains, then, the question of Boyd's right to plead as a set-off to this claim of Musgrave, the indebt-

2. Claims voluntarily paid. edness of the Association to himself. This question was considered in the case of *Mathez v. Neidig* (72 N. Y. 100). Church, C. J., in delivering the opinion says :

'' I agree with the counsel for the appellant, that the statute liability constitutes a fund which belongs to the creditors to secure the payment of their debts, but it belongs to all the creditors, as well those who are stockholders as those who are not. The defendant, as a creditor, had an interest in the fund as well as

MUSGRAVE v. GLEN ELDER ASSOCIATION. 399

March 22, 1897.    Opinion.  McElroy, J.    C. Div.

the plaintiff, and his debt was one which would be chargeable against the fund, because it was a debt against the company, for the payment of which stockholders were individually liable, and this would be so irrespective of the question whether the money advanced by the defendant was used to pay obligations for which he was individually liable or not. . . . The rule commends itself to my judgment. Stockholders have the same right to deal with the corporation that other persons have, and as creditors, they are entitled to the same measure of protection. It may be, as argued, that the rule might enable officers of corporations to make preferential payments to favored creditors, and thus work injustice to others; but, if any restrictions or limitations in this respect are necessary, the remedy is with the legislature."

In the case of *Boyd & Son v. Hall* (56 Ga. 563), in an action against a stockholder upon his statutory liability to the creditors as such stockholders, the court says:

"A *bona fide* judgment debt of the stockholder against the company in which he holds stock, may be set off by him in equity against a suit to make him individually liable in proportion to his stock."

And again in the same case:

"We cannot see why Hand as a stockholder should not be allowed to set off his judgment against the company, if that judgment be fair and honest, against his individual liability to another creditor of the company; if his debt be honest the company is as much bound to pay him as to pay others; and individual members, including himself, are just as responsible to him as a creditor as to other creditors. The fact that he is a stockholder can make no difference. The company may owe a stockholder as well as a stranger, and individual stockholders are liable to him as to others."

In an action where a stockholder pleaded as a set-

**3. Debts due stockholder.** .off the indebtedness of the company to himself, the Supreme Court of Missouri, in the case of *Jerman v. Benton* ('79 Mo. 148), said:

"Another question not less important than the one disposed of is, whether the defendant is entitled to have credited on his stock liability any debts existing in his favor against the company. . . . The argument of those who deny the equity belonging to the relation of the stockholder as a creditor, starts with the proposition that all capital and obligations for unpaid capital constitute a trust fund for creditors — a proposition which every one in this country will admit. It is next argued that if a stockholder is permitted to bring forward his claims against the company as an offset against his liability to creditors, he would in this manner obtain payment of his demand in preference to other creditors. Accordingly he is entirely excluded by this course of reasoning as a creditor, and the trust fund in dispute is handed over entirely to the suing creditor, who thereby obtains full preference and satisfaction of his demand, thus obtaining the advantage which was denied to the other creditor, merely because he was a stockholder. It is difficult to preceive on what principle one creditor should be preferred to another. The injustice of the inequality is as apparent when it is suffered by one as by the other. A stockholder has the same right with a stranger to become a creditor of the company. . . . But in respect to the assets in the shape of the obligation of the creditor in the capacity of a stockholder, there would seem not to be the same equality in respect to the summary remedy, for the reason that such creditor cannot move for an execution against himself; and unless his interest is protected in some manner in the summary proceeding, his undoubted equity in the fund which ought to extinguish his obligation as a stockholder, will be ignored and lost."

In an action to charge a stockholder in a corpora-

MUSGRAVE v. GLEN ELDER ASSOCIATION.    401

March 22, 1897.    Opinion.   McElroy, J.    C. Div.

tion on the ground that the capital stock had not been fully paid in, the defendant set up as an equitable set-off an alleged indebtedness of the corporation to himself.   In the case of *Wheeler v. Millar* (90 N. Y. 359), Finch, J., delivering the opinion says :

"Thus the defendant is left in a position exposed to a statutory liability for the debts of the company to the extent of five thousand dollars, being the par value of his stock.   He meets the emergency by pleading an equitable offset to the plaintiff's claim, founded upon an alleged indebtedness of the company to him.   He has a right to make such defense. . . . But that liability constitutes a fund which any creditor of the company may reach.   If now the stockholder sued is himself such creditor to an amount equaling his statutory liability, he has quite as good a right to the fund which is pursued as the pursuer. Indeed, he has the better right, because it is already in his possession, and it would be inequitable to take it from him for the benefit of another creditor who had no superior equity.   But the stockholder must be really a creditor of the company."

Beach on Private Corporations, section 727, says :

"Whether a shareholder may set off against his liability to corporation creditors, claims which he himself holds against the company, depends upon the nature of the liability sought to be enforced, the distinction being between his liability at common law and under statutes which are merely declaratory of the common law, on the one hand ; and, on the other hand, the additional personal liability, over and above his subscription, imposed upon the shareholder in certain kinds of companies by our modern statutory law. In the former case counterclaims and offsets are not available in actions brought by or in behalf of corporate creditors.   In the latter case, the availability of the plea depends upon the language and purpose of the statute creating the additional liability.   If the language of the act be construed as indicating an in-

402   MUSGRAVE v. GLEN ELDER ASSOCIATION.

N. Dept.          Opinion.   McElroy, J.        5 Kan. App.

tention on the part of the legislature to create a fund
which all shareholders are to contribute, and from
which the creditors are to be paid ratably, the share-
holder must contribute his proportion thereto and
then come in with other creditors in the distribution
of the corporate assets.   But if the statute imposes
upon shareholders a personal liability to creditors im-
mediate and several, so that any creditor may insti-
tute an independent action against any shareholder
for the enforcement of the corporate debts, then a de-
fendant shareholder may set off debts due from the
company to himself.   But of course a claim on which
the corporation is not legally liable is not available as
a set-off.   And stockholders are not creditors in re-
spect of sums paid by them to the company on their
subscriptions.''

We are not to consider the question of the valid-
ity of the indebtedness pleaded as a set-off.   In the
stipulation hereinbefore set out, it will be observed
that the indebtedness is admitted as to all the items
pleaded as a set-off.

Paragraph 1206, General Statutes of 1889, reads :

'' No stockholder shall be liable to pay debts of the
corporation, beyond the amount due on his stock, and
an additional amount equal to the stock owned by
him.''

Under this statute Boyd could be made liable to pay
to the creditors of the corporation, only an amount
equal to the par value of his stock.   Boyd was not in-
debted to the Association on his stock.   The court found
that the set-offs as pleaded, that is, that the amount
that Boyd had paid on the executions, the amount he
paid to the banks, and the amount that the corpora-
tion owed him, more than equaled the par value of
his stock ; therefore, he was not liable in this action to
Musgrave.

The indebtedness of the Association to Boyd was

MUSGRAVE v. GLEN ELDER ASSOCIATION.    403

March 22, 1897.    Dissenting Opinion.    Mahan, P. J.    C. Div.

properly pleaded, and such indebtedness constituted an equitable set-off against his liability on stock to the action of Musgrave. The liability of a stockholder is to the creditors of the corporation. There is nothing to prevent the stockholder from being a creditor of the company in which he holds stock. The amount due Boyd was a debt of the Association.

The judgment of the lower court will be affirmed.

Wells, J., concurring.

MAHAN, P. J. (dissenting). I regret that I am unable to agree with my brethren in their decision in this case. The point decided by them, as I understand it, is, that in a case where a creditor seeks to enforce the constitutional and statutory liability of a stockholder, under the statutory provisions therefor, such stockholder may set off any claim that is due him from his associates in the corporation; and not only that such stockholder may have the right to set-off, but in this case it was given to a stockholder who was likewise a director of the corporation.

The constitutional provision in relation to the matter is as follows:

" Dues from corporations shall be secured by individual liability of the stockholders in an additional amount equal to the stock owned by each stockholder, and such other amounts as shall be provided by law; but such individual liability shall not apply to railroad corporations nor corporations for charitable or religious purposes."

It applies to all private corporations for profit, except railroads. The provisions of the statute for carrying these sections of the Constitution into effect are paragraphs 1192 and 1204, General Statutes of 1889.

By paragraph 1192 it is provided that an execution shall be awarded against the stockholder and in favor

404   MUSGRAVE V. GLEN ELDER ASSOCIATION.

N. Dept.      Dissenting Opinion.   Mahan, P. J.    5 Kan. App.

of a judgment creditor of the corporation, when an execution against the corporation itself shall have been returned unsatisfied. Paragraph 1204 provides for an action at law against the stockholders of corporations who were such at the time of the dissolution of the corporation, and for contribution among the stockholders themselves. This right, both by the Constitution and statute, is given to creditors of the corporation against individual stockholders. A cause of action is given by statute against the individual stockholder, to recover from him, by a creditor of the corporation, an amount equal to the stockholder's subscription, if so much is required to satisfy the creditor's claim. The two classes, creditors and stockholders, are enumerated by the statute.

Let us inquire, first, what is a set-off. It is a demand which the defendant has against the plaintiff and which he desires to use for liquidating the whole or a part of the plaintiff's claim. In some instances the demand may be the property, in effect, of a co-defendant, but it must be against the plaintiff.

A corporation is an association of men for the purpose of carrying on their business. Before any law authorizing the formation of these commercial copartnerships, if two or more persons desired to associate themselves together for the purpose of carrying on any kind of business, they were either denominated partners, or they were engaged in a joint enterprise, as a single maritime venture.

It is needless to say that it requires no statute to make one man — to the full amount of his fortune if need be — liable to another upon his contracts for debts which he owes the other. But men desiring to seek fortunes without hazarding all their property— fortunes already accumulated — invented the scheme

MUSGRAVE v. GLEN ELDER ASSOCIATION. 405

March 22, 1897.   Dissenting Opinion.   Mahan, P. J.   C. Div.

of incorporation, whereby they were not curtailed in any of their advantages but were relieved of part of their liabilities; that is, the law authorizing their incorporation conferred upon them certain special privileges and immunities not enjoyed by others engaged in business; for instance, continuity of existence, regardless of death or failure of one of its members. So, also, change of ownership of interest is permitted without the consent of the other members of the association; their liabilities for their debts are limited, provided they conform to the law under which they incorporate. When men associated together as copartners, each member of the firm was the agent of all of the other members within the scope of the business of the firm. When men organize themselves into a corporation, they choose from among their own members their agents, to have charge of their business and to bind them respecting the business of the corporation. A partner was bound by all debts contracted by his copartner in the line of their business. But the corporation which is composed of the stockholders—members of the corporation—are liable for the amount provided by the constitution and statute of the state under which they are incorporated, to the amount thereby fixed and no more. One is simply an association without limit as to the liability of the associate. The other is an association of men for a private gain, with a limited liability.

Now, as to compensation for this limited liability, the Constitution and the statutes of the State of Kansas provided that each individual member of an association called a corporation, shall be liable to the individual creditors of the corporation to an amount equal to his subscription and in addition to his subscription. The association, as an association, has

nothing to do with it; it is entirely between individuals; it is an individual liability. But, says the majority of the court, a stockholder, a member of the association, may be a creditor of the association. True, he may; so may a member of a copartnership be a creditor of the copartnership. Yet, I have never heard it asserted that, in an action against an individual member of a copartnership, for the purpose of recovering upon an obligation of the copartnership, that such individual member had a right to set off that which his associates owed to him against the debt of the creditor of the copartnership, and this is just what is done in this case. It is the association or corporation that owes the stockholder, and not the creditor of the association. The purpose of the statute was to create a liability to which creditors might look for the liquidation of their demands. It is not the policy of the law to permit the members of the association or the association itself, through its chosen agents, its board of directors, by contract with each other during the active existence of the corporation, to absorb or destroy these resources of the creditor.

I am well aware that courts have said that a stockholder has a right to this set-off and that the text writers referred to by the court so say. The same authorities say, however, that one stockholder cannot maintain this action against another stockholder for his debt against the corporation. It is said again that a stockholder cannot maintain the action, under the statute and constitution, until he shall have discharged his constitutional liability by the payment, either voluntary or by compulson, to some creditor of the corporation. The decisions are very uniform to this effect. And it is said that in no event shall a director or officer of a corporation maintain the action

against a fellow stockholder. Why not? If the creditor has a right to set it off against his liability, why not maintain the action against his associates? There can be only one answer to it, and that is that it is against the policy of the law to permit the members of the association by treating with their agents, the board of directors, to absorb this fund provided specially for creditors and not for members. The liability accrues to the creditor only; it accrues only after insolvency, and not before. And if the members of the corporation itself may destroy it by their relation with it and each other, then they render the statute and Constitution nugatory.

Many of the courts, by a process of refinement upon the law of corporations, seem to have lost sight entirely of the substance — that is, the men associated together which form the corporation — and treat entirely of some intangible, unreal figment of the imagination, and call it the corporation — apparently nothing but the name and shadow of the thing itself. I take it that the corporation is substantially tangible, is composed of men, and that the only intangible, unreal thing about it is the name; unless, perchance, it shall prove to be the constitutional liability of the stockholder to discharge the obligations of the corporation. The statutes, in providing for the creation of a corporation, say that a certain number of men may associate themselves together and form a corporation; recognizing that it is the men that form the corporation. Without the men, there could be no corporation.

My view is that the law intended to give this remedy, this right, this cause of action, to creditors, properly speaking, of the corporation, and against the individual stockholders; and that if it had intended any modification by way of setting off any obligation

of the corporation itself to any member, it would have so said. But it is the policy of the law to create a fund, a right to which the creditors of the corporation may resort after insolvency, and that neither the corporation nor its members can destroy or abridge this constitutional and statutory right, by contract with each other during the actual existence of the corporation.