MARY H. PIERCE v. THE TOPEKA COMMERCIAL SECURITY COMPANY AND CLIFFORD C. BAKER.

### No. 11012.

LIABILITY OF STOCKHOLDERS—*Right of Set-off.* A stockholder in a corporation who has paid the full face value of his stock, when proceeded against by a creditor of the corporation to enforce the statutory liability for the debts of the corporation, may show by way of set-off that the corporation is indebted to him upon *bona fide* claims and demands which accrued before he became liable as such stockholder.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 7, 1899. Affirmed.

*Stebbins & Evans*, and *Frank H. Foster*, for plaintiff in error.

*J. D. McFarland*, for defendant in error C. C. Baker.

The opinion of the court was delivered by

JOHNSTON, J. : Clifford C. Baker was a stockholder in the Topeka Commercial Security Company, a Kansas corporation, against which Mary H. Pierce obtained a judgment for $2428.29. After the return of an execution unsatisfied she instituted a proceeding against Baker to enforce his statutory liability on the stock held by him in the corporation, and therein it was made to appear that Baker had paid the full face

value of the stock held by him, and also that he had *bona fide* judgments and claims against the corporation which greatly exceeded the amount of the stock owned by him ; and further, that these claims and demands accrued when the corporation was a going concern, and prior to the bringing of the action in which Mary H. Pierce obtained her judgment. The trial court held that Baker was entitled to set off against the statutory liability the debts owing to him from the corporation, and the motion for execution against him was denied.

The single question presented on this review is : May a stockholder in a Kansas corporation, who has paid the full face value of his stock, when proceeded against by motion for an order that execution issue against him, show, by way of set-off or defense, or in diminution or extinguishment of his liability as such stockholder, that the corporation is indebted to him upon *bona fide* claims and demands which accrued before he became liable as such stockholder? It is strongly contended that the claims of the stockholder against the corporation do not constitute a legal set-off, because of a want of mutuality between the parties to the action. The claim of the stockholder is not a set-off in its technical legal sense, but it is an equitable defense which he is entitled to make. . When he becomes a *bona fide* creditor of the corporation he is clothed with the same equity as contract creditors. Under our code the distinction between actions at law and suits in equity no longer exists, and it specifically provides that "the defendant may set forth in his answer as many grounds of defense, counter-claims, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." (Gen. Stat. 1889, ¶ 4177; Gen. Stat. 1897, ch. 95, § 94.)

In *Abbey v. Long*, 44 Kan. 688, 24 Pac. 1111, the right of a stockholder to make the defense of an equitable set-off was recognized. It was held that, where a creditor was proceeding by motion under the statute for an execution against a stockholder, the latter was entitled to set off against his liability any amount voluntarily paid by him in good faith of the just debts of the corporation. If a stockholder may set off voluntary payments made by him of the debts of the corporation in diminution or bar of a recovery against him, there is no good reason or authority why he may not also set-off in like manner the indebtedness due from the corporation to him. In *Musgrave v. Glen Elder Association*, 5 Kan. App. 393, 49 Pac. 338, the court of appeals had this identical question under consideration, and, after an extended review of the authorities, held that "where the stockholder against whom proceedings are had to enforce payment of a stock liability is himself a creditor of the insolvent corporation, he will be allowed in equity to plead the indebtedness of the corporation to himself as a set-off against his liability to other creditors." On a petition to certify that case to this court for review, the subject was considered by us, and having concluded that the court of appeals had reached a correct conclusion, the petition was denied. The view taken is based largely on the nature of the liability sought to be enforced and the character of the proceeding brought to enforce the same.

Under our statute the liability imposed on stockholders is personal and several, and any creditor may institute an independent action against any stockholder for the enforcement of corporate debts. (*Abbey v. Dry-goods Co.*, 44 Kan. 415, 24 Pac. 426; *National Bank v. Magnuson*, 57 id. 573, 47 Pac. 518; *Cottrell v. Manlove*, 58 id. 405, 49 Pac. 519.) Where the stat-

ute creates a liability against stockholders which is personal and several, and actionable by any creditor against any stockholder, it is generally held that a stockholder may in such a proceeding brought against himself set off debts due to him from the company. ( Beach, Priv. Corp., § 727; Taylor, Priv. Corp., §§ 731, 732; 2 Morawetz, Corp., §§ 861, 862; 1 Cook, Stock and Stockholders, § 225c.)     As tending to support the view that a set-off is generally available in an action by a creditor against a stockholder, we cite the following cases: Mathez v. Neidig, 72 N. Y. 100; Wheeler v. Millar, 90 N. Y. 354; E. C. Hood v. Abraham, French & Co., 37 Fla. 117, 19 South. 165; Jermans v. Benton, 79 Mo. 148; Coquard v. Prendegast, 35 Mo. App. 237; Savings Bank v. Butchers' & Drovers' Bank, 130 Mo. 155, 31 S. W. 761; Boyd & Son v. Hall et al., 56 Ga. 563.

The order of the district court denying the motion will be affirmed.