Kendall v. Underhill.

---

## A. L. Kendall v. H. W. Underhill.

### No. 367.*

1. Evidence *Examined.*   The evidence complained of examined, and *held*, that the refusal of the trial court to strike it out was not error.

2. Stockholder's Liability—*Defense—Payment in Real Estate.* In an action to recover on the statutory liability of a stockholder of an insolvent bank, the stockholder may set up as a defense the payment of corporate debts to the full extent of his liability, and allege and prove that such payment was made in real estate.

*Petition for order to certify denied by supreme court May 11, 1899. — Rep.

3. ———— *Good Faith in Payment—Equal Values Exchanged.* Where the corporate debt is paid by the stockholder in real estate, it should be equal in value to the debt paid, the transaction should be free from fraud, the debt paid in good faith, and the property accepted by the creditor in full payment.

4. ———— *Set-off—Debt Due to Stockholder—Case Followed.* "A stockholder in a corporation who has paid the full face value of his stock, when proceeded against by a creditor of the corporation to enforce the statutory liability for the debts of the corporation, may show by way of set-off that the corporation is indebted to him upon *bona fide* claims and demands which accrued before he became liable as such stockholder." (*Pierce v. Security Co.,* 60 Kan. 164, 55 Pac. 853.)

Error from Linn district court; J. S. WEST, judge. Opinion filed March 15, 1899.    Affirmed.

*Stebbins & Evans,* and *John W. Poore,* for plaintiff in error.

*Snoddy & Snoddy,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced in the district court of Linn county to recover on the statutory liability of the defendant in error as a stockholder in the Citizens' Bank of Mound City. A jury was waived and the issue submitted to the court. Judgment was rendered in favor of defendant for costs, and the plaintiff brings the case here for review.

It is contended that the court erred in the admission of certain testimony. The technical rules applicable to the admission of evidence are not applied with the same exactness when the issue is submitted to the court without the intervention of a jury. We have examined the objectionable testimony complained of, and, without attempting to set it forth in this opinion, must hold that there was no error prejudicial to the plaintiff in the refusal of the trial court to strike it out.

Kendall v. Underhill.

It is further contended that the trial court "erred in holding that a certain payment made by the defendant to one of the alleged creditors of the bank, in the amount of $540, which payment was made in real estate, was a defense to that amount." It may be stated as a general rule that a stockholder who has voluntarily paid corporate debts to the full extent of his corporate liability is entitled to set up that fact, and when such payment was *bona fide* it is a bar to an action to collect any further amount. (*Bank v. Milling Co.*, 59 Kan. 654, 54 Pac. 681.)

In the case of *Musgrave v. Glen Elder Association*, 5 Kan. App. 393, 49 Pac. 338, the court held that, as a matter of equity, the stockholder is entitled to a set-off for the amount voluntarily paid, in good faith, of the just debts of the corporation to a creditor.

Counsel contend that payment must be made in money. We cannot assent to this doctrine. This court has held, in the case of *Campbell v. Reese*, ante, p. 518, 56 Pac. 543, that where a stockholder pays a *bona fide* claim against an insolvent bank, and, as part payment, executes his promissory note, which is accepted by the creditor as payment, and it clearly appears from the record that the transaction was done in good faith, in an action to recover on the statutory liability of the stockholder he may plead and prove such payment as a defense. We see no good reason why the stockholder may not set up as a defense the payment of corporate debts to the full extent of his corporate liability and allege and prove that such payment was made in real estate.

It is not the medium of exchange that is material. The transaction must be free from fraud, the debt paid in good faith, and the money or property exchanged or paid by the stockholder for the corporate

debt should be of equal value to the debt and accepted by the creditor in full payment of the debt.

Counsel contend "that the court erred in holding that a certain sum of $96.81 due to the defendant from the defunct bank constituted a defense to that amount." In the case of *Musgrave v. Glen Elder Association*, 5 Kan. App. 393, 49 Pac. 338, the court held :

"Where a stockholder, against whom proceedings are had to enforce the payment of his stock liability, is himself a creditor of the insolvent corporation, he will be allowed in equity to plead the indebtedness of the corporation to himself as a set-off against his liability to other creditors."

In the case of *Pierce v. Security Co.*, 60 Kan. 164, 55 Pac. 853, our supreme court held that

"A stockholder in a corporation who has paid the full face value of his stock, when proceeded against by a creditor of the corporation to enforce the statutory liability for the debts of the corporation, may show by way of set-off that the corporation is indebted to him upon *bona fide* claims and demands which accrued before he became liable as such stockholder."

These authorities cover the objections raised by plaintiff in error.

The judgment of the district court will be affirmed.