### D. A. CROCKER v. I. C. BALL.

No. 364.* (59 Pac. 691.)

1. CORPORATIONS—*Suspension of Business.* Where a corporation suspends business July 19, 1893, it has suspended business for more than one year on July 20, 1894.

2. ——— *Insolvency—Involuntary Suspension.* When an involuntary suspension of a corporation is caused by the bank commissioner taking possession of the bank operated by the corporation, it has suspended business, within the meaning of paragraph 1200, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 45; Gen. Stat. 1899, § 1268).

---

* Petition for order to certify denied by supreme court March 10, 1900.— REP.

Crocker v. Ball.

3. ——— *Action against Stockholder—Pleading.* It is unnecessary, in a proceeding under paragraph 1204, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 49; Gen. Stat. 1899, § 1272), to allege or prove the insolvency of the corporation.

4. ——— *Assignment of Interest in Action—Practice.* Werner v. Hatton, 54 Kan. 250, 38 Pac. 279, cited and followed as to the authority to permit an action to proceed in the name of the original plaintiff, although assigned before judgment.

5. ——— *Stockholders' Liability—Offset.* Musgrave v. Glen Elder Association, 5 Kan. App. 393, 49 Pac. 338, and Pierce v. Security Co., 60 Kan. 164, 55 Pac. 853, cited and followed as to the right of a stockholder to offset the indebtedness of the corporation to him against his liability to other creditors.

Error from Linn district court; J. S. WEST, judge. Opinion filed January 13, 1900.   Modified.

*Jas. D. Snoddy,* for plaintiff in error.

*Stebbins & Evans,* and *John W. Poore,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: On July 19, 1893, the bank commissioner of the state of Kansas took possession of the Citizens' Bank of Mound City, Kansas.  On July 20, 1894, the defendant in error, who had on deposit in said bank at said time more than the sum of $1000, commenced this action in the district court of Linn county against the plaintiff in error, who owned $1000 in the capital stock of the corporation operating said bank.   Judgment was rendered against the plaintiff in error in the sum of $1000, and for costs, and he brings the case here for review.

It is contended that the action was prematurely brought.   Paragraphs 1200 and 1204 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 66, §§ 45, 49 : Gen. Stat. 1899, §§ 1268, 1272) provide that the action may be brought, "if it be shown that such corporation

has suspended business for more than one year." The attorneys for plaintiff in error argue that, as the bank ran during all of the 19th, the suspension did not begin until the 20th, and insist that, even if the suspension actually occurred on the 19th, the suspension was not more than one year until after the close of the 20th of July, 1894. They also argue that the statute means a voluntary suspension and not an involuntary suspension. The evidence sufficiently establishes the fact that the bank commissioner took possession of the bank on the 19th, and posted the notice of his possession on the front door of the bank building at ten o'clock P. M. of said day. Excluding the first day and including the last, the year would expire July 19, 1894. The next day would be more than one year.

It is also claimed that there is no allegation of the insolvency of the corporation. The allegation is that the bank was insolvent. The name of the corporation was, "The Citizens' Bank of Mound City." We think the allegation sufficient, even if material. We see no reason for holding that an involuntary suspension is not sufficient, under the language used in paragraph 1200, *supra*. The court did not err in overruling the demurrer of the plaintiff in error to the petition of the defendant in error.

It is contended that the demurrer to the evidence of defendant in error ought to have been sustained for the reason that the insolvency of the corporation was not proven, and that there was no evidence that the plaintiff in error was a stockholder at the time the corporation suspended business. Under paragraph 1204, *supra*, the creditor is not required to allege or prove the insolvency of the corporation. The Kansas authorities cited relate to proceedings under paragraph 1192, General Statutes of 1889 (Gen. Stat 1897,

ch. 66, § 50 ; Gen. Stat. 1899, § 1260), in which such allegation and proof are necessary. The evidence abundantly establishes the fact that Crocker was a stockholder, and that he owned shares to the amount of $1000 in the stock of the corporation on July 19, 1893. The demurrer to the evidence was properly overruled.

The plaintiff in error contends that the court erred in permitting the introduction of certain evidence. We have carefully examined the evidence, and conclude that no error prejudicial to the substantial rights of the plaintiff in error was committed in the introduction of evidence.

Under section 40 of the code (Gen. Stat. 1897, ch. 95, § 40 ; Gen. Stat. 1899, § 4284), and the authority of *Werner v. Hatton*, 54 Kan. 250, 38 Pac. 279, there can be no question as to the action proceeding. in the name of the defendant in error, even though he had transferred the claim, which he appears to have done upon certain conditions which afterward failed.

The evidence shows that Crocker signed the bond given by the corporation to secure the deposit of the county funds with it. After the suspension, and before this action was commenced, Crocker paid to the county treasurer of Linn county $45.45 and $200 in cash—a total of $245.45 ; and he also gave his note to a committee representing the bondsmen about the time the action was commenced. It is claimed that all these payments should be credited to him upon his liability as stockholder. As to the $245.45, we think this claim is correct. It is true Crocker was liable to the county upon the bond. After he had paid the $245.45, the corporation became liable to him for the amount he had paid. It was held by our brethren of the northern department, in *Musgrave v. Glen Elder*

*Association*, 5 Kan. App. 393, 49 Pac. 338, that the stockholder can set off the indebtedness of the corporation to him against his liabilty to other creditors. This case was commented upon, and the doctrine specially approved, in *Pierce v. Security Co.*, 60 Kan. 164, 55 Pac. 853. As to the note for $755, which Crocker testified he had given to the committee, the evidence was sufficient to sustain a finding that the note was not given until after this action was commenced, and the general finding for Ball was a finding of all facts necessary to sustain the judgment rendered. Even if this were not sufficient, the evidence as to the transaction did not show that the note was taken as actual payment of that much of the indebtedness to the county.

The judgment of the district court will be modified, and the cause remanded, with instructions to deduct therefrom the sum of $245.45, and the judgment for $754.55 remaining will be affirmed. The costs in this court will be eqùally divided between the parties.