# WINFIELD S. CAHILL *vs*. THE ORIGINAL BIG GUN BENEFICIAL AND PLEASURE ASSOCIATION.

*Statutory Liability of Stockholders to Creditors of the Corporation—Set off by Stockholder of Debt Due Him by the Corporation.*

When the charter of a corporation provides that the stockholders shall be personally liable to the creditors thereof to an amount equal to their shares of stock, then in an action by a creditor against a stockholder, when the corporation is insolvent, to enforce such statutory liability, the defendant is entitled to set off a debt due to him by the corporation against the creditor's claim.

Appeal from the Baltimore City Court, (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Robert H. Smith*, for the appellant.

*Myer Rosenbush* and *Augustus C. Binswanger*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit at law brought on the 15th of June, 1901, in the Baltimore City Court by the appellee against the appellant. The appellee was a depositor and creditor of the South Baltimore Bank which was on the 24th of February, 1898, by a decree of the Circuit Court of Baltimore City, adjudged to be insolvent and was dissolved. The appellant, at the time of the failure of the bank was the owner of thirty-eight shares of its capital stock and as such owner was a stockholder of the bank to the amount of $950.00 and one of its directors.

The charter of the bank, Acts of 1888, ch. 294, contains the following provision: "The continuance of this corporation shall be on the condition that the stockholders and directors of this corporation shall be liable to the amount of

their respective share or shares of stock in this corporation for all its debts and liabilities upon note, bill or otherwise."

The declaration contains several counts, but the object of this suit is to recover from the appellant, as stockholder, an indebtedness of the bank to the appellee on account of the statutory liability of the appellant as stockholder and director under the statute incorporating the bank..

The appellant filed four pleas to the declaration. The fourth plea is an equitable plea and sets forth the following defense on equitable grounds. "And for a fourth plea, the defendant for defense on equitable grounds says, that this defendant paid to William Colton and Simon P. Schott, receivers, of said South Baltimore Bank, prior to the institution of this suit, the sum of $2,995, which sum was by an order of the Circuit Court No. 2, of Baltimore City, distributed amongst the creditors of the South Baltimore Bank, the plaintiff being one of said creditors and having received his dividend out of said sum and that by such payment the defendant became and is a creditor of said bank in the sum of eleven hundred dollars, an amount greater than the amount of the shares of stock in said bank alleged to have been owned by him at the time of its failure and that by reason thereof there is no liability on his part to the plaintiff."

A demurrer was interposed to the plea and from a judgment sustaining the demurrer, this appeal has been taken.

It will be thus seen that the question raised by the demurrer to the plea is whether a stockholder of an insolvent corporation can set off in equity the indebtedness of the corporation to him, against his statutory liability. This question has not been heretofore directly passed upon by this Court, but the weight of authority seems to sustain the defense set up to the action in this case and that is, that the indebtedness of the company to the appellee constitutes an equitable defense or set off against his statutory liability.

It is admitted by the demurrer to the equitable plea that the appellant is a creditor of the bank to the extent of eleven hundred dollars, an amount greater than the value of the

CAHILL vs. ORIGINAL BIG GUN, ETC., ASSN. 355

Md.]                    Opinion of the Court.

shares of stock owned and held by him at the time of the failure of the bank. In other words, he is a creditor of the bank to the extent of eleven hundred dollars, while the par value of the stock held by him is nine hundred and fifty dollars, and he claims the right to set off the amount which the bank owes him as against the amount for which he may be liable as the owner of the stock.

In the recent case of *Colton* v. *Mayer*, 90 Md. 711, this Court held, in construing the provisions of the charter of the South Baltimore Bank, that the statutory liability of its stock-holders was directly to the creditors and not to the receivers for the benefit of creditors and that the fund arising from such liability is in no sense a corporate asset of the corporation and the receivers have no interest in it.

The liability of the stockholder then under the statute hav-ing been settled, as a debt due from the stockholder to the creditor, there can be no valid reason, it seems to us, why a stockholder who is also a creditor should not be entitled as a matter of equity to set up as an equitable defense, the debt of the bank to him against his own liability. Mr. Cooke in his book on *Corporations*, vol. 1, sec. 225 (*c*), says that it has been held that where the statute creates a fund out of which the creditors are to be paid ratably, then the stockholder cannot set off an indebtedness of the corporation to him. He must pay in what the statute requires and then prove his claim against the corporation like any other creditor. But where the share-holders liability by statute is immediate and personal and sev-eral and any creditor may sue any shareholder, then, the shareholder may set off a debt, owing to him from the cor-poration, when he is sued by a corporate creditor. In 1 *Beach on Private Corporations*, sec. 727, it is said: " But if the statute imposes upon shareholders a personal liability to cred-itors, immediate and several, so that any creditor may institute an independent action against any shareholder for the enforce-ment of corporate debts then a defendant shareholder may set off debts due from the company to himself." In *Taylor on Private Corporations*, sec. 732, it is thus stated: " When a

356  CAHILL vs. ORIGINAL BIG GUN, ETC., ASSN.

Opinion of the Court.                    [94

single creditor can and does sue a shareholder at law, to enforce the statutory liability of the latter, it is then competent for the shareholder to set off a debt owing him from the corporation."

The decisions of the Courts in the States, where the question has been raised and passed upon, are not at all in accord. The Courts of New York, Pennsylvania, Georgia, Missouri, Florida and Kansas, hold the doctrine, that the stockholder is entitled to the equitable set off, while on the other hand the Courts of Virginia, West Virginia, Illinois and some other States assert the very opposite doctrine.

In *Ball* v. *Anderson,* 196 Pa. St. 88, the Supreme Court of Pennsylvania, in a recent decision, where the question was involved, says, the clear weight of authority appears to be in favor of the right of the stockholder to set off the indebtedness of the corporation to him. The following cases sustain the view announced by the Pennsylvania Court. *Hood* v. *French,* 37 Fla. 131; *Boyd* v. *Hall,* 56 Ga. 563; *Jerman's Admr.* v. *Benton,* 79 Mo. 148; *Emmert* v. *Smith,* 40 Md. 123; *Weber* v. *Fickey,* 47 Md. 199; *Mathez* v. *Neidig,* 72 N. Y. 101; *Briggs* v. *Penniman,* 8 Cowen, 387; *Garrison* v. *Howe,* 17 N. Y. 458; *Wheeler* v. *Millar,* 90 N. Y. 359; *Musgrave* v. *Glen Elder Assoc.,* 5 Kan. App. 393; s. c., 49 Pac. Rep. 338; *Markell* v. *Ray,* 75 Minn. 147; *Pierce* v. *Security Co.,* 60 Kan. 164; s. c., 55 Pac. Rep. 853; *Crocker* v. *Ball,* 59 Pac. Rep. 691 (Ks.)

In *Musgrave* v. *Glen Elder,* 5 Kan. App. 393, *supra,* the Supreme Court of Kansas in deciding this question, held, where the stockholder against whom proceedings are had to enforce payment of a stock liability is himself a creditor of the insolvent corporation, he will be allowed in equity to plead the indebtedness of the corporation to himself, as a set off against his liability to other creditors. In *Pierce* v. *Security Co.,* 60 Kan, 164; s. c., 55 Pac. Rep. 853, JUDGE JOHNSON in delivering the opinion of the Supreme Court of Kansas in a case where the question was also involved, says : " It is strongly contended that the claims of the stockholder against the corporation do not constitute a legal set off because of a want of

mutuality between the parties to the action. The claim of the stockholder is not a set off in its technical legal sense, but it is an equitable defense, which he is entitled to make, when he becomes a *bona fide* creditor of the corporation he is clothed with the same equity as contract creditors." In the case of *Matthews* v. *Albert*, 24 Md. 527, this Court practically approved and adopted, the decision of the New York Courts in the cases of *Garrison* v. *Howe*, 17 N. Y. 462, and *Briggs* v. *Penniman*, 8 Cowen, 387. JUDGE GOLDSBOROUGH, in delivering the opinion in that case, said: "The Judge of the Superior Court has correctly construed the decision in *Garrison* v. *Howe*, that if the stockholders had paid for their stock and subsequently became creditors of the company to an amount equal to their stock by so doing they would be clothed with equal equities to any other creditors who may have become so by contracts with the company." This theory is sustained by the case of *Briggs* v. *Penniman, supra.*

We are of the opinion, therefore, upon the principle stated in these cases that the defence set up in the equitable plea should prevail in this case, and without extending this opinion by passing upon the other questions raised by the record, the judgment sustaining the demurrer to the fourth plea will be reversed and the cause remanded.

*Judgment reversed and cause remanded
with costs.*