GEORGE W. COOPER,

*vs.*

EASTERN HORSE AND MULE COMPANY.

In the Matter of Exceptions to Claims.

*Kent, June* 11, 1920.

In the absence of explanatory facts to the contrary, possession of certificates of shares of stock of a company imports the relation of stockholder, with all of its consequences.

An amount due a company for stock issued and not paid for is an asset of the company for the benefit of the creditors, when it is insolvent; a liability of the stockholder recognized by General Corporporation Law, § 20, binding the stockholder to pay up to the par value of his stock what is needed to pay the company's debts; a liability enforceable by a bill in Chancery brought by the receiver under which assessment may be made.

The right of a holder of stock not paid for to set off a debt due him from the company ends when the company becomes insolvent, for the liability to pay for the stock is for the benefit of the company's creditors.

When a stockholder files with the receiver of the company, it being insolvent, a claim as creditor and owes the company on his shares more than the amount due him from the company, he is not entitled to any of the assets of the company when they are insufficient to pay in full the other creditors of the company.

EXCEPTIONS TO CLAIMS. A receiver was appointed for the Eastern Horse and Mule Company, and in the regular course of proceeding certain claims were filed, to which exceptions were taken. The hearing was had on the claims and exceptions, and the pertinent facts are set forth in the opinion.

*Henry R. Isaacs*, for claimant Alice R. Cornwell.

*Levin Irving Handy*, for Receiver.

THE CHANCELLOR. The affairs of the Eastern Horse & Mule Company, an insolvent corporation, are being wound up by a receiver. All of its assets have been converted into money, aggregating $2,552.09, without deducting the receivership expenses. The proved debts due from the company aggregate more than $10,000. Exceptions have been filed to claims aggregating about $6,000. If all the exceptions are allowed the claims established amount to about twice the net assets distributable. Among the claims

excepted to is that of Alice R. Cornwell for $4,000, based on two bonds of the company, each for $2,000. It is probable that the company owes the money represented by one of the bonds. Alice R. Cornwell holds three certificates of stock of the company, each purporting to be issued on February 27, 1919, aggregating ten hundred and twenty shares of the par value of $10, and has paid nothing to the company for any of the shares. These certificates were in her possession, though in her testimony on the exceptions she was not clear as to why she should be possessed of them. By the account books of the company it appears that she paid to the company $2,000 under items of "capital· paid in." In the absence of explanatory facts to the contrary, the possession of certificates of shares of stock of a company import the relation of stockholder with all of the consequences of that relation.

In the absence of a satisfactory explanation from Mrs. Cornwell, or the officers of the company, and the incompleteness of the book entries, all that can reasonably be considered as settled is that she is the holder of stock not paid for of par value of more than twice the possible amount due her on the bonds held by her, and that the assets of the company are not sufficient to pay all the other creditors, if she be a creditor.

Assuming that she is a creditor of the company and the holder of stock not paid for in excess of what is due her from the company, can she participate with the non-stockholding creditors in a distribution of the assets when the assets are not sufficient to pay such other creditors in full?

The amount due to the company for stock issued and not paid for is an asset of the company for the benefit of its creditors when it is insolvent. This liability is recognized by Section 20 of the General Corporation Law (22 *Del. Laws, p.* 758), and by it the stockholder is bound to pay up to the par value of his stock what is needed to pay the debts of the company. Such liability may be enforced by bill in Chancery brought by the receiver, and an assessment may be made by order of the Chancellor on stockholders for the benefit of creditors of the insolvent corporation. See *Cooney Co. v. Arlington Hotel Co.,* 11 *Del. Ch.* 286, 101 *Atl.* 879, affirmed by Supreme Court on appeals of *Du Pont, et al., v. Ball, et al., Receivers,* 11 *Del. Ch.* 430, 106 *Atl.* 39.

Is it a fundamental rule that a holder of stock not paid for cannot participate as a creditor of the company in the distribution of the assets of an insolvent corporation when its assets are insufficient to pay the other creditors?

When sued on his liability as the holder of stock of an insolvent corporation not paid for, a stockholder cannot set off a debt due him from the corporation, because to do so would give him a preference over other creditors to which he is not entitled. Like other debtors, he must pay what he owes the company and get his distributive share of the assets of the company like other creditors do. The right of a holder of stock not paid for to set off a debt due him from the company ends when the company becomes insolvent, for the liability to pay for the stock is there for the benefit of the creditors of the company. *Morawetz on Private Corporations,* § 861; *Sawyer v. Hoag,* 17 *Wall.* 610; *Scovill v. Thayer,* 105 *U. S.* 143, 152; *Sanger v. Upton,* 91 *U. S.* 56; *Williams v. Traphagen, et al.,* 38 *N. J. Eq.* 57; *Appleton v. Trumbull,* 84 *Me.* 72, 74, 24 *Atl.* 592; *Wilkinson v. Bertock,* 111 *Ga.* 187, 36 *S. E.* 623.

Manifestly the same principle is applicable whenever a corporation becomes insolvent and there is a creditor who holds shares of stock of the corporation not paid for. Whatever money the stockholder owes the company for his stock belongs to the creditors of the company when insolvent if all of the money be needed to pay the debts of the company. That money, or so much thereof as is necessary to pay the debts of the company in excess of its assets, must be paid to a receiver of the insolvent company before such stockholding creditor of the company is paid any part of the assets of the company. His liability to so pay exists whether an assessment on his stock be made or not, and the consequences of that liability and of his relation to the other creditors is the same though no step has been taken to enforce the liability. He must pay like other debtors before he can share like other creditors. This question has not been distinctly raised heretofore in this State, and was not argued by counsel here; but it seems to me to be an inevitable conclusion and, therefore, one not stated by courts or textbook writers.

In *Emmert v. Smith, et al.,* 40 *Md.* 123, the assets of an insolvent

company were sold by order of court and the proceeds were insufficient to pay all of its debts. One of the creditors was a stockholder who had not paid for his stock. By the statute of Maryland each stockholder is made individually liable to the amount of his stock to the creditors of the company. In view of this liability the Court held that the amount due on the stock should be deducted from the amount due the stockholder from the company, and that the Court would apply the statute though there were other stockholders who were also liable to creditors for unpaid subscriptions to stock, saying:

"Where a fund like this is in equity for distribution, and creditors appear, asserting their relative claims to a distributive portion, some occupying the relation of stockholder debtors, under the statute, to other creditors of the company, to an amount equal to their stock, for all debts and contracts created while they were stockholders, the court would not be carrying out the letter or spirit of the law regulating the rights of creditors and imposing responsibility upon stockholders, to postpone the distribution until measures could be matured compelling other stockholders of the company to contribute to the payment of the debts of the company."

The case supports the above conclusion for the statute of Delaware is in principle like that of Maryland. In the case of *Gilchrist v. Helena, etc., Co., (C. C.)* 49 *Fed.* 519, the principle was not applied, because there was not such a statutory liability, and in *Cahill v. Original Big Gun, etc., Ass'n.*, 94 *Md.* 356, 50 *Atl.* 1044, 89 *Am. St. Rep.* 434, the principle of the earlier Maryland case was not applied where a creditor sued a stockholder creditor directly on his statutory liability.

In the *Arlington Hotel Co.* case, above cited, the question here involved was practically but not directly decided. There two stockholder creditors had filed claims against the assets of the insolvent company, and in a proceeding by the receivers of the company to enforce payment for stock of the company not paid for, the question arose whether their claims should be included in the list of debts of the company, it appearing that they knew all the affairs of the company, and when the indebtedness of the company to them arose knew that the stock was not paid for. They were allowed to participate, but it was made clear, especially by the Supreme Court, that each should pay for his stock, or so much of the par value thereof as was necessary to pay their

and other debts. This is what is meant by the statement by the Supreme Court that Mr. Taft, one of these two creditors, "must of course, suffer his part of the loss." This same idea is found in the case of *Easton, etc., Bank v.`American, etc., Co.*, 70 *N. J. Eq.* 732, 64 *Atl.* 917, 8 *L. R. A.* (*N. S.*) 271, 10 *Ann. Cas.* 84, quoted by the Supreme Court, the New Jersey court saying that a stockholder creditor in like case must contribute his proportion of the amount necessary to satisfy the decree, meaning thereby necessary to pay all claims. It appears, then, that the conclusion here expressed as to the Cornwell claim is supported by the Supreme Court of this State.

Inasmuch, therefore, as Mrs. Cornwell, if a creditor of this insolvent corporation, owes the company on shares of its stock held by her and not paid for more than the amount due her from the company, she is not entitled to receive any of the assets of the company when they are insufficient to pay in full such other creditors.

Let an order be entered accordingly.