## W. M. HOYT v. L. A. BUNKER *et al.*

1. CORPORATION — *Liabilities of Stockholders.* Judgment creditors of a corporation seeking the enforcement of their rights against stockholders thereof, under ¶ 1192, General Statutes of 1889, must strictly comply with the provisions of said statute.

2. CORPORATE PROPERTY — *Previous Exhaustion.* Such creditors cannot resort to the fund in the hands of the stockholders of said corporation to satisfy their judgments against it until they have exhausted the corporate property.

3. STOCKHOLDERS, *Executions Against — Practice.* The court has no power to entertain motions for orders allowing executions against stockholders of a corporation, under ¶ 1192, General Statutes of 1889, until the record of the case in which the motion is made shows that the corporate property has been exhausted.

4. PRACTICE — *Priorities Among Creditors.* Where several parties having judgments against a corporation seek to enforce their claims against the stockholders thereof, under ¶ 1192, General Statutes of 1889, and it appears that one of said parties strictly pursued the provisions of said statute, and exhausted the corporate property, before filing his motion and giving notice of his application for an order allowing execution to issue against such stockholders, and such other parties filed their motions, and gave notice of their application for orders allowing executions in their behalf to issue against the stockholders of said corporation, without having proceeded against the corporate property, the party that first procured an order pursuant to the provisions of said paragraph has a right to the fund in the hands of such stockholders prior to that of the other parties; and injunction will lie in behalf of such party to enjoin the other parties from proceeding against the stockholders until the rights and priorities of all the parties are ascertained by the court.

*Error from Reno District Court.*

ACTION by *Hoyt* against *Bunker* and others, to enjoin defendants from obtaining executions against the stockholders of the Hutchinson Union Stock-Yards Company, and restraining the stockholders from paying the executions till plaintiff's and defendants' rights and priorities are finally determined. A demurrer to the ·petition was sustained, and plaintiff brings error. The opinion, filed January 7, 1893, states the material facts.

*Leslie & Crawford,* for plaintiff in error.

*Whiteside & Gleason,* and *F. F. Prigg,* for defendants in error.

Opinion by STRANG, C. :  This was a proceeding by injunction, to restrain L. A. Bunker, the Valley State Bank, the National Bank of Commerce, and W. F. Mulkey as assignee, and the First National Bank, from obtaining executions and proceeding against A. J. Lusk, J. F. Greenlee, E. S. Handy, W. E. Hutchinson, and L. C. Welton, stockholders in the Hutchinson Union Stock-Yards Company, and to restrain the said stockholders from paying to said defendants the several sums claimed by them against said stock-yards company until the rights and priorities of the plaintiff and the defendants seeking said executions be finally determined.   The petition was demurred to.   The court sustained the demurrer, and the case is brought here by the plaintiff below.

The petition in the court below alleges, that on the 4th day of October, 1890, in the district court of Reno county, the plaintiff obtained a judgment against the defendant, the Hutchinson Union Stock-Yards Company, for the sum of $9,790, which was by the court declared a first lien upon the property of said defendant therein described; and it was ordered that, after the expiration of six months, said property be sold, and the proceeds, after payment of costs, be applied to payment of said judgment; that after the six months stay had expired, the property was sold for $5,000, and the proceeds applied on said judgment, leaving a balance of said judgment unpaid; that after the confirmation of said sale, the plaintiff procured an execution to issue for the remainder of said judgment, which was levied upon other property of said stock-yards company, which was sold, and the proceeds applied upon said judgment, leaving a balance still due of $4,812; that plaintiff then caused another execution to issue on said judgment, which was returned "No property found;" and the plaintiff alleges in his petition that there was no prop-

erty whereon to levy this last execution; that on the 14th day of August, 1891, and after the return of said execution "No property found," the plaintiff filed his motion to charge the stockholders of said stock-yards Company with the payment of the balance of said judgment, and served notice thereof upon certain of said stockholders, and that on the 15th day of September, 1891, said motion was heard by the court, as to the stockholders made defendants in this case, and that the court ordered execution to issue against them; that the defendants, except the defendant the Hutchinson Union Stock-Yards' Company, obtained judgments against said stock-yards company amounting, on the average, to about $2,000 each; that executions on some of them were levied upon the property of the stock-yards company, and the property was appraised at $5,000, but such executions were returned showing the property not sold for want of bidders; that afterwards executions were issued on all of said judgments, each of which was returned, "No property found whereon to levy this execution sufficient to make the amount of the within judgment;" that after said executions were so returned, the defendants L. A. Bunker as the People's State Bank, the Valley State Bank, and W. F. Mulkey as the National Bank of Commerce, filed motions and caused notices thereof to be served upon a large number of the stockholders of the said stock-yards company to appear and show cause why orders should not be allowed for executions to issue against them, as such stockholders, in favor of said defendants, for the amount of their judgments; that the said L. A. Bunker and the Valley State Bank have obtained orders against certain of the said stockholders, against whom this plaintiff is also proceeding, requiring them to pay over the amount of their liability on the judgments of said L. A. Bunker and the Valley State Bank, and that the defendants the First National Bank and the National Bank of Commerce are also proceeding against said stockholders.

With these allegations in the petition, did the court err in sustaining the demurrer thereto? We think so. We believe the petition shows the existence of a state of facts, in connec-

tion with the litigation between the parties seeking to enforce their claims against the Hutchinson Union Stock-Yards Company that authorizes the court to enjoin the defendants from proceeding to enforce their claims against the stockholders of said corporation, and the stockholders themselves from paying over on the judgments of the other defendants herein, until the rights and priorities of the plaintiff and defendants are settled by the court. All the parties to the suit are seeking the enforcement of claims against the stockholders of their common judgment debtor, the Hutchinson Union Stock-Yards Company, and they are all moving under ¶ 1192, General Statutes of 1889. But it seems that the plaintiff proceeded strictly according to the provisions of that paragraph of our statutes, while it is alleged by him that the defendants seeking the enforcement of their claims did not, and that by reason of the fact that the plaintiff followed the directions of the statute, and such defendants did not, the plaintiff has acquired the first lien upon the funds in the hands of the stockholders of the corporation, though the defendants, moving in the same direction, filed their motions first in point of time. Since all the creditors of the defendant the Hutchinson Union Stock-Yards Company are pursuing their claims under the statute, we think they should proceed according to the provisions of such statute. A proper construction of ¶ 1192 requires the judgment creditor of a corporation to pursue the property of said corporation as long as any property thereof can be found upon which an execution can be levied, before resorting to the proceeding therein provided against the stockholders. In other words, the property of the corporation must be exhausted before the creditor may resort to the fund in the hands of the stockholders thereof. In this case the plaintiff, Hoyt, pursued the statute strictly. He sold, on an order of sale, the property of the corporation on which he had a lien, and applied the proceeds on his judgment. He then caused a general execution to issue, and had it levied upon other property belonging to the corporation, which was sold, and the proceeds applied upon his judgment; and there

being a balance still unpaid thereon, he procured still another execution to issue thereon, which was returned " No property found." He then proceeded under the statute to enforce his remedy against the stockholders, but found the other defendants herein, who were also judgment creditors of the corporation, already moving against such stockholders, and that, too, without having first pursued the property of the corporation.

The record shows that some of the defendants obtained executions against the corporation, and levied upon property of the corporation which was appraised at $5,000, but that such executions were returned "Property not sold for want of bidders." Want of bidders was not a sufficient excuse for an abandonment of the property levied on. It could have been advertised over and offered again, and then, if it was ascertained that the appraisement was too high, the court should have been asked to set aside the appraisement, and order the property reappraised, when it could again have been offered for sale. Nothing of this kind was done. Nor was there any attempt to levy upon the other property of the corporation subsequently levied upon and sold by the plaintiff; but all the defendant judgment creditors of the corporation, without any further pursuit of the corporate property, had executions issued and returned "No property found whereon to levy this execution sufficient to make the amount of the within judgment." This proceeding not only did not exhaust the property of the corporation, but the return was so indefinite that it does not appear how much might have been made on each of the executions of the said defendants so returned. So far as the returns show, the bulk of each of such executions might have been made out of the corporate property. The plaintiff seems to have been the first creditor to proceed against the stockholders after the corporate property was exhausted, and the only one who pursued such property in good faith. We therefore think his right to the fund in the hands of the stockholders pursued by him should take precedence to the right of the defendants pursuing the same stockholders.

"Even when not expressly provided by statute, it is the rule, according to the weight of authority, that corporate creditors, before they can proceed against the shareholders upon their statutory liability, must first exhaust their remedy against the corporation and its assets." (Cook, Stock and Stockholders, § 219.)

"The liability of the stockholders, being secondary, cannot be enforced until the assets of the bank, which is the primary debtor, are exhausted." (85 Pa. St. 75; *Wright v. McCormick,* 17 Ohio, 86.)

"After judgment is obtained against the corporation, if the execution issued thereon against its property be returned *nulla bona,* then executions may issue against any of the stockholders to an extent equal in amount to stock owned by him or her, in accordance with the terms of § 32, article 4, chapter 23, Comp. Laws 1879." (*Valley Bank v. Sewing Society,* 28 Kas. 423.)

"The judgment creditor of an insolvent corporation who first moves, in conformity to the provisions of § 32, chapter 23, Gen. Stat. 1889, to charge a stockholder on his liability under the statute acquires a priority of right to recover against such stockholders with which a creditor subsequently moving cannot rightly interfere." (*Wells v. Robb,* 43 Kas. 201.)

It is asserted by counsel for the defendants who have already obtained orders for executions against the stockholders of the corporation, that, if it be true that they had no right to proceed against such stockholders until they had first exhausted the corporate property, yet having done so, and obtained their orders, the plaintiff herein cannot raise the question of their right to do so; that if the stockholders are satisfied the plaintiff must be, and cannot attack their judgments in such collateral manner. We do not think the orders of the court authorizing the issuance of execution against the stockholders of the corporation are such judgments as to render the plaintiff in the case subject, in its full extent, to the rule relating to collateral attacks on judgments. Under the summary process authorized by the statute, the order of the court for execution to issue against stockholders does not possess all the qualities of an ordinary judgment, and is not so conclusive in all respects as such a judgment, and not so conclusive

as a judgment obtained against a stockholder under the last clause of the same paragraph. This court, in *Hentig v. James*, 22 Kas. 326, on this subject uses the following language:

"The concluding provision of said § 32 (being the same as ¶ 1192) plainly prescribes that, if the creditor wishes to make the stockholder a judgment debtor, with all that term implies, he may proceed by action, and charge the stockholder with the amount of his judgment against the corporation. . . . We conclude that the proceeding to obtain an execution on a motion is a special proceeding, limited in its character, and does not convey with it all the powers of a judgment. It assimilates to proceedings of garnishment, but allows the execution, instead of an action, to recover the amount to be paid."

But if such an order partook of all the characteristics of an ordinary judgment, still Hoyt might be said to be in a position to attack and set it aside in this proceeding.

"The rule that a judgment of a court of competent jurisdiction is conclusive until reversed, or in some manner set aside and annulled, and that it cannot be attacked collaterally by evidence tending to show that it was irregular or improperly obtained, only applies to parties and privies to the judgment, who may take proceedings for its reversal, and in no sense extends to strangers." (12 Vt. 619; 33 N. W. Rep. 834; 28 Me. 222; 30 La. An. 947.)

In the case of *Lindensparker v. Lindensparker*, 52 Me. 52, it is stated —

"That a stranger whose rights are affected may impeach a judgment collaterally on three grounds: First, that the court rendering it had no jurisdiction of the cause; second, that the judgment was obtained by fraud or collusion; and third, that the judgment was irregularly or unlawfully rendered, to his prejudice." (See, also, *Lyles v. Bolles*, 8 S. C. 258, and *Boisse v. Dickson*, 31 La. An. 741.)

It must certainly be conceded that Hoyt has an interest in the funds in the hands of the stockholders that will be prejudiced if the defendants seeking the same fund are held to be prior in right to him. Again, it is questionable whether, under the summary process of said paragraph, the court has

any power to act until an execution issued against the corporation has been returned in accordance therewith.

The statute reads, "If any execution shall have been issued against the property or effects of a corporation, . . . and there cannot be found any property whereon to levy such execution," *then*, upon motion in open court in which the judgment against the corporation is pending, and notice to the stockholders to be charged, execution may issue against such stockholders. The record of the judgment against the corporation should show an execution so returned as to show that the corporate property has been exhausted, before the court may entertain the proceeding to order execution against the stockholders. With records in each case showing that the corporate property had not been exhausted, had the court power to entertain motions for orders allowing executions to issue against the stockholders in favor of said defendants? If not, and it seems to us that it had not, then, under *Pierce v. Carlton*, 12 Ill. 54, orders so allowed are "unauthorized and void," and the plaintiff can attack them collaterally. In that case the court held, that where the previous proceedings were "unauthorized and void" a garnishee might inquire into the previous proceedings on the attachment. See, also, *Insurance Co. v. Cohen*, 9 Mo. 421, and *Schoppenhart v. Ballman*, 21 Ind. 285.

We think the trial court erred in sustaining the demurrer to the petition in this case, and recommend that the case be reversed, and remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.