H. M. BEERS AND ALBERT LEE, *Partners*, v.
L. A. BUNKER.
**No. 200.**

1. EXECUTION AGAINST STOCKHOLDERS — *return,* "*no goods,*" *is condition precedent to.* The issuing of an execution and the return of the same *nulla bona* is a condition precedent which must be fulfilled before the court can obtain jurisdiction under paragraph 1192, General Statutes of 1889. *Lumber Co. v. Neal*, 3 Kan. App. 399.

2. ———— *return examined.* The following return, "Finding no property whereon to levy to make the amount of this execution, I now return this writ," *held*, not to be a return *nulla bona.*

Error from Reno District Court.    Hon. L. Houk, Judge.    Opinion filed October 16, 1897.    *Reversed.*

*McKinstry & Fairchild*, for plaintiffs in error.

*F. F. Prigg*, for defendant in error.

SCHOONOVER, J.    The People's State Bank obtained a judgment against the Hutchinson Union Stock Yards Company in the District Court of Reno County for $2,270.36.    This judgment was assigned by the bank to L. A. Bunker, defendant in error, who caused execution to be issued against the property of the

Hutchinson Union Stock Yards Company. On the second day of December, 1890, the sheriff of Reno County returned the execution upon which he made the following return.

"*State of Kansas, Reno County, ss.* Dated this second day of December A. D. 1890. Finding no property whereon to levy to make the amount of this execution, I now return this writ.

J. W. JONES, *Sheriff of Reno County.*"

On the fourth day of December, 1890, the defendant filed his motion in the District Court of Reno County, Kansas, against the stockholders of the Hutchinson Union Stock Yards Company, asking for an order for execution against them individually to enforce their liability as stockholders. On the fifteenth day of July, 1891, a hearing was had on the motion, and an order made by the court authorizing the issuance of an execution against the plaintiffs in error for the amount of their stock in the company — one thousand dollars. Plaintiffs in error excepted to said order and judgment and bring the case here for review. Paragraph 1192, General Statutes of 1889, provides:

"If any execution shall have been issued against the property or effects of a corporation, . . . and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon."

In discussing this section our Supreme Court, in the case of *Hoyt v. Bunker* (50 Kan. 577), has said:

"A proper construction of ¶ 1192 requires the judgment creditor of a corporation to pursue the property of said corporation as long as any property thereof can be found upon which an execution can be levied, before resorting to the proceeding therein provided against the stockholders. In other words,

the property of the corporation must be exhausted before the creditor may resort to the fund in the hands of the stockholders thereof.''

In the case of *The Carey Lumber Co. v. Neal* (3 Kan. App. 339 ), this court said :

''The issuing of an execution and the return of the same *nulla bona* is a condition precedent which must be fulfilled before the court can obtain jurisdiction under paragraph 1192, General Statutes of 1889.''

Is the return of the sheriff in this case sufficient to give the court jurisdiction? This is the only question presented. The statute provides that the return must show that ''there cannot be found any property whereon to levy such execution.'' In the case of *Hoyt v. Bunker*, supra, the sheriff made the following return : ''No property found whereon to levy this execution sufficient to make the amount of the within judgment.'' In discussing this return, the court said : ''This proceeding not only did not exhaust the property of the corporation, but the return was so indefinite that it does not appear how much might have been made on each of the executions of the said defendants so returned. So far as the returns show, the bulk of each of such executions might have been made out of the corporate property.''

The return of the sheriff in the case under consideration is as follows : ''Finding no property whereon to levy to make the amount of this execution, I now return this writ.'' . The objections to the return in the Hoyt case may be applied with equal force to the return in this case ; it is not a compliance with the statute, it is not a return *nulla bona* as required by the statute, and in the absence of further testimony was not sufficient to give the District Court jurisdiction.

The judgment will be reversed, and the cause remanded with instruction to overrule the motion for execution against the property of plaintiffs in error.