, SARAH BAYLEY

*v.*

WILLIAM BAYLEY et al.

[Filed February 13th, 1904.]

1. A creditor's bill need not allege that defendant has no other property liable to satisfy complainant's judgment, if it shows that complainant has exhausted his legal remedy.

2. A creditor's bill is insufficient in not showing that complainant has exhausted his remedy at law, the return to the execution merely showing there was no personal property, and the bill failing to show there is no other property the legal title to which is in defendant.

3. A *lis pendens* filed in a purely personal action at law gives no notice of a claim against property.

Bayley *v.* Bayley.

4. A creditor's bill alleging that defendant B., to prevent complainant from collecting her claim against him, and to defraud her, conveyed his land to H., who conveyed to B., and that B. then conveyed to J., on the expressed consideration of $1 and marriage; that J. therefore married B.; that B. and J. then, in further execution of said fraudulent design, conveyed the land to G.; that no consideration was paid for any of the conveyances; and that, when the conveyances were made, the parties thereto knew of B.'s indebtedness to complainant—charges actual fraud of J. in the transaction.

On demurrer to a creditor's bill to reach property alleged to have been fraudulently conveyed.

*Messrs. Howe & Davis,* for the demurrant.

*Mr. Jerome D. Gedney,* for the complainant.

REED, V. C.

The first ground assigned is that the bill sets out no cause of irreparable injury, in that it does not show that there was no other real estate belonging to the defendant out of which the complainant's judgment might have been made.

It is not essential that there shall be an allegation that the defendant has no other property liable to satisfy the complainant's judgment, if he shows that he has exhausted his legal remedy. *Sm. Eq. Rem. 136 n; Daskam* v. *Neff, 79 Wis. 161.* This bill, however, does not show that the complainant has exhausted his remedy at law. If the return to the writ of execution had shown that there was nothing upon which to make a levy, or that the defendant had nothing but the property in question, the bill would have shown that the legal method of redress was exhausted. The return of the sheriff only showing that there was no personal property, and not showing that there was no other real estate, and the bill itself failing to set out that there was no other property, the legal title to which was in the defendant, the pleading is defective. If the debtor has other property subject to the judgment and execution sufficient to satisfy the debt, there is no necessity for the creditor to resort to equity. If his debt can be satisfied out of property

upon which his judgment is a lien, it is only inviting useless litigation for him to question conveyances made by the debtor, which, however they may have been intended, do not operate as a fraud upon him. *Dunham* v. *Cox, 2 Stock. 437, 467.*

The demurrer also challenges the sufficiency of the bill in respect to its statement of fraud in conveying away the property by Bayley, the judgment debtor.

There were two properties owned by Bayley, and the bill charges that in order to secure the said property for his own use and benefit, and to protect it from the claim of the complainant and prevent her from collecting her debt, and contriving to defraud her, the defendant did, on November 18th, 1902, convey the two tracts to one Edward F. Howard, who, on June 6th, 1903, conveyed them to William Bayley, for the consideration of $1, and by another deed said Bayley pretended to convey the two tracts to Daisy B. Jacobs, upon the expressed consideration of $1 and marriage; that said Daisy B. Jacobs thereafter, in the month of June, was married to said William Bayley; that Bayley and wife, in further execution of said fraudulent design, on September 12th, 1903, conveyed the tracts to one George M. Henderson. The bill charges that no consideration was paid for any of the said conveyances, and that Bayley has always held possession of the property.

The bill also states that these parties, at the several times when the conveyances were made, knew of the claim of the complainant and of the indebtedness of the said William Bayley to the complainant as aforesaid, and that said conveyances were made after the filing of a *lis pendens,* &c.

The *lis pendens* referred to is particularly mentioned in paragraph 4 of the bill as one filed in the action at law in which the debt of the complainant against Bayley was put in judgment.

It is quite obvious that the filing of the *lis pendens* was ineffective to charge anyone with notice of any claim against this property. The action at law was a purely personal action, which did not relate to or affect the possession of or title to land. Under our statute a *lis pendens* filed in such an action is a

nullity.    Whether the notice imputed to the parties by the pleader is confined entirely to the constructive knowledge supposed to arise from this *lis pendens* is not quite clear.    So far as concerns Henderson it is immaterial, for under the statements of the bill he was not a purchaser for valuable consideration, the charge being that no consideration was paid for any of the conveyances.    Therefore, whether Henderson took with or without notice is of no importance, if his grantees hold the property in fraud of the complainant.

But it is insisted that the bill displays no fraud in the conveyance to Daisy B. Jacobs.    The bill alleges that the debt put in judgment existed before the conveyances were made by Bayley.    If the conveyances were voluntary, a fraud is presumed.    But the counsel for the demurrant points out that the pretended conveyance to Daisy B. Jacobs was made upon the expressed consideration of $1 and marriage, and that a marriage between the grantor and grantee was thereafter consummated.

The insistence is that it appears from this that the consideration of the conveyance was an antenuptial settlement, and therefore a valuable consideration.    It is argued that the presumption arising from the antecedent indebtedness which would have existed had the conveyance been voluntary does not arise, in view of these facts.    Antenuptial settlements, however, may be void as to a creditor for actual fraud, and the query is whether the bill charges the parties with such fraudulent conduct toward the complainant.

I am of the opinion that the bill charges actual fraud in the transaction, not as to Bayley himself, but to Daisy B. Jacobs.    It expressly charges Bayley with contriving to defraud the complainant in making these conveyances, and charges that Bayley and Daisy B. Jacobs, in further execution of such fraudulent design, conveyed to Henderson.    Upon the first ground I think there should be a decree for the demurrant, with leave to amend within twenty days, upon payment of costs.