## No. 13,448.

### FRINK *v.* CARMAN DISTRIBUTING COMPANY.

(48 P. [2d] 805)

Decided June 24, 1935.

Mr. PHILIP HORNBEIN, Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiff in error.

Messrs. DAVIS & WALLBANK, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Frink, defendant in error as the Carman Company, and the Zott Laundry Company as the Zott Company.

The Carman Company brought this suit against Frink on his statutory liability as a holder of unpaid stock of the Zott Company. The cause was tried to the court, which found for the Carman Company and entered judgment accordingly. To review that judgment Frink prosecutes this writ. Briefly stated the assignments present the following contentions: (1) Frink is not liable under the statute; (2) creditors had full knowledge of the plan under which Frink took and held his stock and are thereby precluded; (3) the judgment permits double recovery; (4) Frink paid for his stock by services; (5) Frink was not a stockholder when liability attached; (6) Frink is entitled to certain credits which the court did not allow; (7) the Carman Company is estopped by its conduct.

1. The Zott Company was incorporated for $150,000, divided into 500 shares of preferred stock and 1,000 shares of common, each with a par value of $100 per share. It was the practice of the company to deliver one share of common stock as a bonus for each share of preferred bought. Frink bought 100 shares of preferred stock, paid $10,000 therefor, and received as a bonus 100 shares of common stock. The Carman Company holds,

in its own right, one claim against the Zott Company and, by assignment, five others. These total over $10,000, the par value of the unpaid common, or bonus, stock issued to Frink. The Zott Company has gone out of business. Hence this suit under the statute, the pertinent portion of which reads: "If any corporation, * * * shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'no property found,' or to remain unsatisfied for ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, * * * each stockholder may be required to pay such debts or liabilities to the extent of the unpaid portion of his stock; * * *." S. L. '25, p. 200, c. 71, §1, amending section 2301, C. L. 1921.

The Zott Company permitted an execution against it to be returned "no property found," and it ceased doing business, "leaving debts [including those held by the Carman Company] unpaid." "No corporation shall issue stock or bonds except for labor done, services performed, or money or property actually received, * * *." §2261, C. L. 1921. It would therefore appear that Frink is liable "to the extent of the unpaid portion of his stock." But since he made no contract to pay anything for this common stock and there is no evidence of its value, his counsel contend there is no basis in the record on which "the unpaid portion of his stock," if any, can be determined; hence there could be no recovery. But the liability is statutory, arbitrary and definite. Par value seems to have been the measure contemplated by the Legislature. No other is suggested. A similar provision is found in section 2271, C. L. 1921. By section 2249, C. L. 1921, a corporation is authorized to buy property with stock "to the amount of the value thereof" and we have held that the consideration, i. e., the property, "must be reasonably worth the *par value* of the stock which is

issued for it." *Barnard v. Sweet*, 74 Colo. 302, 307, 221 Pac. 1093.

2. It is said that the Zott Company's reports to the secretary of state disclosed its practice of issuing common stock as a bonus on preferred, as did its financial statements, and it is contended that this constructive notice bound creditors, and since they could not have been misled into any belief that this common stock had been, or would be, paid for, no reason remains for permitting them to hold such stockholders under the statute. But there is no evidence that the Carman Company or its assignors had, or should have had, knowledge of the financial statements, and the reports to the secretary of state are too indefinite to convey the information that Frink acquired his common stock without consideration. Regardless of these facts, however, the statutory liability is unconditional, and in such case notice and knowledge are immaterial. 14 C. J., p. 999, §1544; *du Pont v. Ball (Cooney Co. v. Arlington Hotel Co.)*, 11 Del. Ch. 430, 106 Atl. 39, 7 A. L. R. 955.

3. Frink paid other creditors of the Zott Company approximately $5,000 for which he herein claims credit. On this point the authorities are not harmonious. Frink's position is supported by the following: 6 Thompson on Corporations (3d Ed.), p. 907, §5012; *Sedgwick Bank v. Sedgwick M. & E. Co.*, 59 Kan. 654, 54 Pac. 681. We think these state the more equitable rule and we approve their reasoning. Otherwise a stockholder is forbidden to do voluntarily what he may be forced to do by suit. Moreover, in this case the Carman Company has made certain settlements with other stockholders which could only be sustained on this theory. The reason supporting the contrary rule seems to be that otherwise the stockholder, in settling his liability, would be free to prefer creditors. We fail to comprehend its logic, if, as seems admitted, the creditor can force by suit the very preference which the stockholder is forbidden to give without. Counsel for the Carman Company cite, and

principally rely upon, *Colorado F. & I. Co. v. Sedalia Smelting Co.*, 13 Colo. App. 474, 478, 59 Pac. 222. No other case in this jurisdiction, touching the question, has been called to our attention. That, however, was a simple case of set-off. The stockholder had advanced money to the corporation as a going concern. It failed to pay and he took judgment. Then, in a stockholder's liability suit, he attempted to set off the corporation's debt to him. The Court of Appeals held this could not be done, basing its decision on the time-honored doctrine that unpaid stock subscriptions constitute a trust fund for the benefit of general creditors. Nothing more was there involved and nothing else was there decided. The case is not in point. Here Frink, in paying other general creditors, has devoted his portion of the trust fund, to that extent, to the identical purpose of its legal dedication.

 4. On this point it is sufficient to say that in our opinion the record does not support Frink's claim of payment by services rendered. If, in any view of this evidence, it could be said that there is a conflict, then, under the well established rule, we cannot interfere with the trial court's finding against Frink. Perhaps the most that can be spelled out of it, if anything, is a claim against the corporation for which Frink, under the rule announced in the C. F. & I. case, supra, can here obtain no credit.

5. Nothing more is asserted under this division than that the evidence was conflicting and greatly predominated in Frink's favor. We think the question was clearly one for the trial court and that its finding thereon is conclusive.

6. On this point we agree with the trial court that all proper credits were given. In any event such is the state of the record that Frink has no further concern therewith and cannot be prejudiced by any future action relating thereto.

 7. Estoppel because of delay, of attempted recovery from other stockholders, and compromise with

216

some, is strongly urged. If this record discloses any delay on the part of the Carman Company it exhibits a similar inactivity on the part of Frink. There is nothing to indicate his ignorance of the entire situation and nothing to suggest his prejudice by reason of claims against other stockholders. The company was entitled to proceed against one, or more, or all. C. L. 1921, §2301. Frink was entitled to look to others for contribution. *Colorado F. & I. Co. v. Smelting Co., supra,* p. 479. Whether he was entitled to have them brought into this action we need not here determine. He proceeded upon that theory and the trial court held with him. Delays incident thereto were of his creation and afford him no ground of complaint. We find no estoppel.

Retrial is unnecessary. We think the present record is sufficient to guide the trial court in making the credits approved under subdivision 3 of this opinion. If not, additional evidence may be taken thereon. For the error committed in failing to make such credits the judgment is reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.