By the Court.
 

 This proceeding originated in this court and was heard upon the pleadings and an agreed statement of facts.
 

 Relator, who had served for more than twenty-five years as a fireman in the Columbus fire department, brought mandamus to compel the Board of Trustees of the Firemen’s Pension Fund to place his name on the roll of pensioners, he having on March 3, 1936, in one letter voluntarily tendered his resignation effective. March 10, 1936, and in another letter, dated March 3, 1936, requested that his name be placed on the roll of pensioners under the provisions of Rule 15 of the Rules and Regulations' of the Board.
 

 After the allowance of an alternative writ, the Board of Trustees granted relator a pension of $100 per month, effective March 24, 1936, which was the date the relator filed an application for pension upon a form submitted to him by the Secretary of the Board of Trustees.
 

 The sole remaining question in this proceeding is whether the relator is entitled to a pension effective March 10th, the date he stated his resignation was to be effective, or March 24, the date on the formal application requested by the Secretary of the Board of Trustees. Relator contends that under Rule 15, Section 1 of the Rules of the Firemen’s Pension Fund he is entitled to a pension “at the time of his resignation,” while the respondents contend that, in the absence of any regulation, discretion rests with the Board of Trustees to determine a reasonable date when the pension shall commence, and that the relator did not comply with the specific provision of Section 17 of the
 
 *337
 
 Rules, requiring an application to “fully and completely state under what provision of Rule 15 * * * said application is made. ”
 

 Examination of Rule 15 discloses three conditions precedent to retirement: first, faithful service; second, voluntary retirement, and, third, honorable retirement by the Director of Public Safety. No question is-finally raised as to the first and third requirements, and this court is of the opinion that the second requirement of that rule has been completely fulfilled by the second communication of the relator dated March 3, 1936, wherein he states that he voluntarily tendered his resignation and made application for a pension under the provisions of that rule. After an examination of the blank form submitted by the Secretary of the Board of Trustees, which form primarily applies to applications for retirement due to physical disability, this court is of the opinion that the application filed by the relator on March 3 constitutes a sufficient compliance with the requirements of the Rules and Regulations of the Firemen’s Pension Fund of Columbus, and that relator is entitled to a pension from the effective date of his resignation on March 10,1936, or the sum of $50.
 

 A writ of mandamus will issue directing the respondents to pay the relator that sum, representing pensión money due him from March 9, 1936, tb and including March 23, 1936.
 

 Writ allowed.
 

 Weygandt, C. J., J ones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.