## PALUMBO v INDUST. COMM. et

Ohio Appeals, 2nd Dist, Franklin Co

No 3313. Decided April 4, 1941

Maurice K. Topson, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus; David M. Spriggs, Asst. Attorney General, Columbus, and Fred W. Edmonston, Asst. Attorney General, Columbus, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal from a money judgment of the Municipal Court of Columbus, Ohio, in favor of plaintiff-appellee and against the defendants-appellants, entered after the overruling of a general demurrer to the petition.

The principal error assigned is that which we passed upon in **Wiesenthal, Trustee v Wickersham, 64 Oh Ap 124,** as to which we will adhere to our former opinion.

The other and further error assigned is that the petition is not good as against a general demurrer in that it fails to aver that the judgment debtor does not have any real property subject to levy or execution sufficient to satisfy the judgment. Upon this matter the petition makes the following allegation only:

"Plaintiff * * *, caused an execution to be issued out of said Municipal Court on said judgment and delivered the same to the bailiff of said Municipal Court, who * * * returned said execution with the following endorsement: 'No goods or chattels found within my bailiwick upon which to levy this writ or any part thereof.'"

Counsel are in agreement that the right of plaintiff is based primarily upon §11760 GC, a proceeding in the nature of a creditor's bill which is recognized as of equitable cognizance. Before the judgment creditor may avail himself of the remedy provided in the section it must first appear that he has exhausted his legal remedy.

It has been held that it is necessary to aver that the judgment creditor has not sufficient real or personal property whereon to levy, **Gilmore v Miami Exp. Co., 2 Ohio 294; Piatt v St. Clair, 6 Ohio 227; Bomberger v Turner, 13 Oh St 263,** and that the petition must show judgment recovered and that there is not real or personal property sufficient

to satisfy the same. **Clark v Strong, 16 Ohio 317; Horst v Dague, 34 Oh St 371, 375.** A return on an execution "No goods" is not a sufficient averment, State Bank v Oliver, 1 Disney, 159; Bailey v Bailey (N. J.) 57 Atl. 271, and a return "Finding no property whereon to levy to make the amount of this execution", was held not a return of no property. Beers v· Bunker, 6 Kan. App. 697.

The return on the execution in this case is insufficient to show that the judgment debtor had no real property from which the judgment could be made. This is an essential of the statute, which at the very beginning thereof provides:

"When a judgment debtor has not personal or **real property** subject to levy or execution sufficient to satisfy the judgment," etc.

It is suggested by appellee that the specific question here under consideration was not urged in the trial court. Even so, it was raised by the general demurrer which reaches the whole of the petition and if there is a failure to set forth any material averment the trial court could not properly overrule the demurrer nor can we disregard the effect thereof. The demurrer should have been sustained and therefore the judgment following its overruling was unauthorized.

The judgment will be reversed and cause remanded.

GEIGER, PJ. and BARNES, J., concur.