By the Court.
 

 Relator’s brief stages the sole question presented is: Did the right to receive a pension become vested in relator by reason of tbe judgment and orders of tbis court on March 24, 1937? If such right did vest, relator then contends tbe pension board bad no authority to do other than was ordered by this court, namely, pay relator a pension of $100 peí* montb.
 

 The demurrer admits all the well pleaded allegations of the answer and searches the entire record.
 
 State, ex rel. Deal,
 
 v.
 
 Industrial Commission,
 
 120 Ohio St.; 269, 166 N. E., 198; 31 Ohio Jurisprudence, 781, Section 202.
 

 The relator by bis demurrer admits the allegation of the answer that tbis court in cause No. 25985 issued a writ of mandamus directing tbe payment of $50. The sole question determined in tbe former mandamus proceeding was tbe right of relator to receive that sum as a pension for 14 days. See
 
 State, ex rel.
 
 
 *191
 

 Hayes,
 
 v.
 
 Pfeiffer et al., Board of Trustees of Firemen’s Pension Fund of City of
 
 Columbus, 132 Ohio St., 335, 7 N. E. (2d), 409. No other right to a pension vested in relator by the writ issued in that case.
 

 The demurrer in the instant case admits that subsequent payments were made as alleged in the answer. The relator’s pension was granted when such a pension was a gratuity rather than a vested or contractual right.
 
 (Mell et al., Trustees,
 
 v.
 
 State, ex ret. Fritz,
 
 130 Ohio St., 306, 199 N. E., 72.) The board of trustees then had discretionary power to modify pension awards made prior to May 26, 1937, the effective date of Section 4612-1, General Code (117 Ohio Laws, 29), which date was after March 24, 1937, when this court ordered a writ issued in the former mandamus proceeding.
 

 The demurrer is sustained as to the petition and overruled as to the answer, and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.