THE FOREST CITY MATERIAL CO., APPELLANT, *v.* FIRST NATIONAL BANK OF AKRON ET AL., APPELLEES.

(No. 4425—Decided January 13, 1954.)

*Mr. Harry Efros,* for appellant.

*Messrs. Slabaugh, Guinther & Pflueger,* for appellee First National Bank of Akron.

STEVENS, J. The petition of plaintiff, filed in the Court of Common Pleas of Summit County, alleged that plaintiff, on July 15, 1933, recovered a judgment in the Municipal Court of Cleveland, against defendant Akron Basket Co., Inc., for the amount of $1013, interest and costs: ''that said judgment is in full force and effect and remains unsatisfied and unreversed; that a certificate of judgment lien was duly filed with the clerks of the Courts of Common Pleas of Cuyahoga County and Summit County, Ohio, on the 20th day of July, 1953; that execution was issued and returned wholly unsatisfied.'' The praecipe filed therewith directed the clerk to endorse, upon the summons to be issued, ''Creditor's bill, amount claimed with the probable costs of this action is $1200 * * *.''

The defendant First National Bank, after having been served with summons and a copy of plaintiff's petition, answered. In that answer the bank stated that, at the time of service, there was on deposit with it, to the credit of Akron Basket Co., Inc., $1530.57; but that Akron Basket Co., Inc., was indebted to the bank upon a promissory note in the amount of $1600, and that said note contained this provision:

"And the makers, sureties, guarantors and endorsers hereby * * * (d) grant full rights of setoff against all accounts whether or not this obligation and such accounts are then due * * *."

Further, that, immediately after service of summons, it exercised the above contractual right of setoff, and applied on said note the balance of $1530.57, standing to the credit of Akron Basket Co., Inc., in a checking account. That, by reason thereof, it was not indebted to Akron Basket Co., Inc., in any amount.

The plaintiff demurred to the answer of the bank, for the reason that the answer did not state a defense to plaintiff's petition. The Court of Common Pleas overruled the plaintiff's demurrer, and, plaintiff not desiring to plead further, the petition of plaintiff was dismissed.

This appeal on questions of law seeks a reversal of that judgment of dismissal.

It is stated by counsel for appellant in his brief, and was stated by him in oral argument, that his petition is in the nature of a creditor's bill under the provisions of Section 11760, General Code (Section 2333.01, Revised Code).

That section at the time of filing plaintiff's petition provided (and presently provides in substance):

"Equitable and certain other assets.

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satis-

fy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action."

There is no allegation in the petition that the judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment. The petition states only that "execution was issued and returned wholly unsatisfied."

The Supreme Court of Ohio, in *Bomberger* v. *Turner, Admr.*, 13 Ohio St., 263, (82 Am. Dec., 438), paragraph 5 of the syllabus, in speaking of the necessity of pleading the statutory requirement above set forth, stated:

"5. In an action by a judgment creditor, under section 458 of the code [said section is substantially in the words of section 2333.01, Revised Code], to set aside a fraudulent deed, and subject the premises to the payment of his judgment, he should aver that the judgment debtor has not sufficient real or personal property, etc.; but he need not aver that an *execution* has been issued and returned 'no property,' etc. It is the *fact*, and not mere *evidence* of the fact, which that section requires as the basis of the action."

That decision has been uniformly followed without modification up to the present time.

See: *Palumbo* v. *Industrial Comm.*, 35 Ohio Law Abs., 169, 40 N. E. (2d), 675 (reversed on other grounds, *Palumbo* v. *Industrial Comm.*, 140 Ohio St., 54, 42 N. E. [2d], 766).

In the case under consideration, the plaintiff filed

a general demurrer to the defendant bank's answer. That demurrer searched the record.

The rule with reference thereto is well stated in 31 Ohio Jurisprudence, Pleading, Section 202, as follows:

"Pursuant to the fundamental principle of pleading that a general demurrer searches the record, reaching the first pleading defective in substance, a demurrer to an answer searches the record, and challenges the sufficiency of the petition. * * * In such cases, however defective the pleading demurred to may be, judgment is given against the party whose pleading was first defective in substance."

The petition of the plaintiff was defective in substance, because it failed to include the allegation, "the judgment debtor has not personal or real property subject to levy or execution sufficient to satisfy the judgment." Under such circumstances, the trial court could properly do nothing other than enter judgment against the plaintiff, whose pleading was first defective in substance.

In view of the conclusion, which we have reached, we deem it unnecessary to pass upon the other errors assigned.

*Judgment affirmed.*

Doyle, P. J., and Hunsicker, J., concur.