PANCAKE, APPELLANT, *v.* WAKEFIELD ET AL., APPELLEES.[*]

(No. 534—Decided October 25, 1956.)

*Mr. Samuel B. Erskine,* for appellant.
*Mr. C. E. Berry* and *Messrs. Rowland, Bridgewater & Gray,* for appellees.

COLLIER, J. The plaintiff, appellant herein, instituted this action in the Common Pleas Court of Athens County against the board of county commissioners of that county, seeking to recover damages for personal injuries alleged to have been

[*]Motion to certify the record overruled January 23, 1957.

sustained by him when an automobile in which he was traveling ran into a pile of crushed stone, alleged to have been negligently piled on the traveled portion of the highway by the agents and employees of the board of county commissioners. The parties will be referred to in this opinion as the plaintiff and defendant.

A demurrer, filed to plaintiff's petition on the ground that the petition did not state a cause of action under Section 2408, General Code (Section 305.12, Revised Code), was overruled by the trial court and the appeal from that order was dismissed by this court for the reason that the order lacked finality and was, therefore, not subject to an appeal. Prior to this first appeal, the defendant had filed an answer and, later, an amended answer, the third defense of which is that plaintiff's right of action, if any, is barred for the reason that the plaintiff did not present his claim to the board of county commissioners for allowance or rejection as required by Section 2460, General Code (Section 307.55, Revised Code). Plaintiff's demurrer to this third defense of defendant's answer was overruled, his petition dismissed and final judgment rendered for the defendant. The plaintiff has perfected his appeal on questions of law from that judgment.

The pleadings, oral arguments and briefs raise the following three questions of law to be determined by this court in this appeal:

(1) Is it necessary, in an action for damages for personal injuries resulting from negligence of the county commissioners in failing to keep a county highway in proper repair, to first present the claim to the board of county commissioners as a condition precedent to maintaining such action?

(2) Does a demurrer to an answer in such an action search the record to such an extent as to test the sufficiency of the petition?

(3) Under Section 2408, General Code (Section 305.12, Revised Code), is the board of county commissioners liable for damages directly and proximately resulting from its negligence in piling crushed stone on the traveled portion of a county highway?

These questions will be considered in the order stated.

The defendant contends that under Section 2460, General Code (Section 307.55, Revised Code), the plaintiff's exclusive remedy is an appeal from the rejection of the claim by the board after it has been presented and disallowed. That statute, so far as pertinent, reads as follows:

"No claims against the county shall be paid otherwise than upon the allowance of the county commissioners, upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal * * *."

The rule is well recognized that the state and its political subdivisions may not be sued, except as specially authorized by statute. In the enactment of such legislation the Legislature may prescribe the conditions under which counties may be sued, and in several states the statutes provide that, as a condition precedent to an action against the county, the claim, whether based on contract or tort, must first be presented for allowance to the board of county commissioners. 14 American Jurisprudence, 229, Section 67. There is no such statute in Ohio.

In all the cases cited and relied upon by the defendant, the claims against the county were predicated on contracts for services or supplies furnished to the county. It should be remembered that this is an action in tort for negligence. In the case of *Board of Commissioners of Hardin County* v. *Coffman, Admx.,* 60 Ohio St., 527, 54 N. E., 1054, 48 L. R. A., 455, it is held:

"An action under Section 845, of the Revised Statutes * * * to recover damages caused by the negligence of the county commissioners in failing to keep a bridge under their control in repair, is properly brought against the board in its official capacity; and the county is bound for the payment of the judgment recovered."

And, 14 American Jurisprudence, 230, Section 67, reads as follows:

"There is some conflict as to whether it is requisite that a claim for tort or negligence be presented to the county board of auditing before a suit can be maintained for damages. Some cases hold that it is absolutely essential, whereas others maintain that it would be improper to allow the county officials to

pass on matters involving their own actions. *It has been held that statutes requiring the presentation of claims relate only to such claims, demands, and accounts as are capable of being audited * * *.''* (Emphasis added.)

Even though the claim is based on contract, the remedy by appeal is not exclusive. 14 Ohio Jurisprudence (2d), 407, Section 262, reads as follows:

"The remedy by appeal is not exclusive in all cases in which it is the province of the board of county commissioners to pass upon claims. Where such a claim is founded upon a contract which the board of county commissioners is authorized to make, and it refuses to perform such contract or disallow the claim, the remedy by appeal and the summary proceedings provided for by the statute are cumulative merely, and the claimant is entitled to have his action thereon against the county by due course of law, in any court of competent jurisdiction.''

There are many reported cases in Ohio involving the liability of county commissioners for failure to keep county roads in proper repair. We have been unable to find a single instance where it has been held that such an action may not be maintained directly against the county commissioners in their official capacity. So far as we have been able to ascertain, the law pronounced in the case of the *Board of Commissioners of Hardin County* v. *Coffman, Admx.* (60 Ohio St., 527), *supra,* establishes the rule in Ohio that such an action may be maintained. Our conclusion is that the trial court committed error in overruling the demurrer to the third defense of defendant's answer to plaintiff's petition.

We find the answer to the second question in regard to the demurrer to the answer searching the record in 31 Ohio Jurisprudence, 781, Pleading, Section 202, as follows:

"Pursuant to the fundamental principle of pleading that a general demurrer searches the record, reaching the first pleading defective in substance, a demurrer to an answer searches the record, and challenges the sufficiency of the petition.''

See, also: *Forest City Material Co.* v. *First National Bank of Akron,* 96 Ohio App., 89, 121 N. E. (2d), 211; *State, ex rel. Deal,* v. *Industrial Commission,* 120 Ohio St., 269, 166 N. E., 198; *State, ex rel. Hayes,* v. *Heiser,* 149 Ohio St., 188, 78 N. E. (2d), 40.

Pursuant to the rule announced in these authorities it is necessary that we determine the sufficiency of plaintiff's petition to state a cause of action against the defendant. A case directly in point is *Bales, Admx.,* v. *Board of County Commissioners of Cuyahoga County,* 30 Ohio App., 249, 164 N. E., 791, in which it is held:

"In a suit against a board of county commissioners to recover damages for personal injuries under Section 2408, General Code, which imposes a liability on county commissioners for their negligence or carelessness in not keeping roads or bridges established by them in proper repair, an allegation in the petition, that 'the defendants so carelessly, negligently and recklessly permitted large piles of crushed stone and sand to be upon said highway,' is sufficient to charge a violation of the statute without an averment that the board failed in keeping the road in proper repair."

To avoid repetition and in order not to extend this opinion to unreasonable length, we will not attempt to analyze the decision in the *Bales case* or refer to the authorities therein cited, but we believe it is sufficient simply to state that we concur in the conclusions reached by the court in that case and adopt the reasoning set forth in that opinion. The only case cited in support of defendant's contention that causes us any difficulty is that of *Weiher* v. *Phillips,* 103 Ohio St., 249, 133 N. E., 67, in which Marshall, C. J., seems to express the view that a barrier or obstruction placed on a highway resulting in injuries to a traveler does not create a liability against the county. However, we agree with the conclusion reached in the *Bales case* that such expression was not necessary in the decision of the case and is therefore clearly obiter dictum. It should be noted that the Supreme Court of Ohio, in the case of *Board of County Commissioners of Clermont County* v. *Judd,* 88 Ohio St., 601, 105 N. E., 767 (cited in the opinion of the *Bales case,* at page 255), affirmed without an opinion a decision of the Court of Appeals of the First Appellate District which held that there was a liability against the board of county commissioners on behalf of one driving a horse and buggy and running into a pile of screening or crushed stone which formed an obstruction on the roadway at a time when the county commissioners were repair-

ing the road. Certainly, this decision has more weight than a later expression by way of obiter dictum by the same court.

For the reasons above set forth the judgment of the trial court overruling plaintiff's demurrer to the third defense of the answer is reversed, and we find the petition sufficient to state a cause of action against the defendant and, therefore, remand this cause to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and cause remanded.*

McCURDY, P. J., and GILLEN, J., concur.